SANDERSON, et al. *v.*
THE CITY OF HATTIESBURG, MISSISSIPPI, et al.

No. 43052          May 4, 1964          163 So. 2d 739

*Edward J. Currie, Frank D. Montague, Jr.,* Hattiesburg, for appellants.

*Francis T. Zachary, James Finch,* Hattiesburg, for appellees.

ETHRIDGE, J.

This is a municipal zoning case, in which the Board of Mayor and Commissioners of the City of Hattiesburg (called City Commission), appellee, denied an application to change a zoning classification of eight acres of land from residential to commercial. The peti-

tioners were M. H. Sanderson, who owned the property, and L. B. and Ford Vance, who contracted to purchase it if it is rezoned commercial. The issues are (a) whether the Zoning Board of Review of the City of Hattiesburg is the factfinding body in zoning matters, or simply an advisory facility of the City Commission; and (b) if the latter, whether the City Commission's order denying the change had any substantial evidence to support it, or is so unreasonable as to be arbitrary and an abuse of discretion. We affirm the order denying the rezoning.

Hattiesburg's zoning ordinance (No. 1347) became effective in 1958. Section 12 states:

"A Board of Review is hereby established to facilitate the administration of the details of this zoning ordinance, said Board to consist of five members appointed by the Board of Mayor and Commissioners for terms of four years for each member, except that the initial terms of such members two shall be appointed for one year; one shall be appointed for two years; one shall be appointed for three years; and one shall be appointed for four years, respectively. Said Board shall have authority to hold public hearing wherever such hearings are required by this ordinance before any permits, building permits or certificates of occupancy are issued and shall also have authority to hear complaints against any order, requirement, decision or determination made by the Enforcement Officer, to hear an application for a temporary permit for a period not to exceed two years for a temporary building, to hear a request or petition for an amendment, change, modification or repeal of this ordinance or any part thereof. Said Board shall act as a fact-finding body and shall report to the Board of Mayor and Commissioners the facts found at said hearings with recommendations as to the disposition of each case concerned."

Mississippi Code 1942, Rec., sections 3590-3597, vests in "the legislative body of any municipality" broad zoning powers. Section 3595 provides:

"In order to do such zoning the legislative body may utilize the city engineering department or an advisory committee of citizens of such number as it may determine, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. A preliminary report may be made, and public hearings thereon before submitting its final report, may be had."

Ordinance section 12 was enacted pursuant to section 3595. The power to zone is vested in the governing body of the municipality. Section 3595 simply authorizes the City Commission to utilize an "advisory committee" to make recommendations to it. In the instant case the Zoning Board of Review, on a second hearing, found that the petition of appellants for rezoning should be granted, and so recommended to the City Commission. The latter denied the application.

Appellants contend that the Board of Review was the fact-finding body for zoning in Hattiesburg and the City Commission could not overrule or reverse the Board of Review's decision unless it was without substantial evidence. However, this contention was rejected in City of Hattiesburg v. L. & A. Contracting Company, 159 So. 2d 74 (Miss. 1963), in which it was held that Hattiesburg ordinance section 12 was designed to give "individual citizens the right to a hearing, with recommendations by the board to the Mayor and Commissioners. The latter must make the final decision, in the absence of an appeal to the courts . . . . It (the exhaustion of remedies doctrine) does not control the governing body of the municipality."

██ █ In short, the Board of Review is a facility or agency of the City Commission, with power to make recommendations to it. ██ █ The legislative function of zoning is placed by statute in the City Commission, which may or may not accept recommendations of the Board of Review, its creature. This is somewhat similar

to the function of the attorney-referee in compensation cases, vis-a-vis the Workmen's Compensation Commission. He is "no more than a facility for conducting the business of the Commission . . . for all practical purposes the Commission is the actual trier of facts." Railway Express Agency, Inc. v. Hollingsworth, 221 Miss. 688, 695, 74 So. 2d 754, 75 So. 2d 639 (1954); Malley v. Over The Top, Inc., 229 Miss. 347, 353, 355, 90 So. 2d 678 (1956); see 2 Am. Jur. 2d, Administrative Law, §§ 281, 282, 435.

The remaining question is whether the order denying a change from residential to commercial should be affirmed. Since zoning classification is a legislative function, the scope of review is limited. ██ ██ The order of the governing body of the municipality will not be set aside "if its validity is fairly debatable, but will do so only if its invalidity is clear." ██ ██ The zoning action will be upheld if it is not wholly unreasonable or an abuse of discretion, without any reasonably probable basis in the evidence. ██ ██ Moreover, a person seeking a change in a zoning ordinance has the burden of proving a public need for it. Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So. 2d 281 (1953); Ballard v. Smith, 234 Miss. 531, 107 So. 2d 580 (1958); City of Jackson v. Bridges, 243 Miss. 646, 139 So. 2d 660 (1962).

██ ██ The voluminous evidence, conflicting in various particulars, amply supported the order of the City Commission. It found the property lies immediately across the street from a general hospital. The streets on each end of the strip of land are not direct arteries, and are not of sufficient width to handle increased traffic. The land sought to be zoned commercial is bounded on three sides by highly desirable and expensive homes, and other nearby property is being developed in substantial residences. The property was "best suited for residential uses and is actually unsuitable for commercial property by reason of location and proposed entrance ways from

narrow residential streets.'' There is ''no immediate need for commercial development in this particular area,'' and ''the best interest and welfare of the entire community of the city of Hattiesburg requires that this property remain residential . . .'' There is no public need or necessity for the land to be reclassified. With these findings, the City Commission denied the petition. As the trier of facts and vested with the legislative power of zoning, it had the responsibility to decide these issues. There is no basis for reversal, but on the contrary, the weight of the evidence supports the order denying the petition.

Affirmed.

*Lee, C. J., and Gillespie, McElroy and Brady, JJ.,* concur.