These six cases involve the zoning of certain real property owned by Mrs. Alexander Currie, Alex Currie, Overton Currie and Dan Currie (hereinafter Currie). United States Highway 49 runs from northwest to southeast where it intersects United States Highway 11, which runs from northeast to southwest at that point. This intersection and all property mentioned herein is situated within the corporate limits of Hattiesburg, Mississippi. Currie owns about fifty-five acres of land lying east of Highway 49 and north of Highway 11. This property (Currie North) is the subject of the litigation between the Curries and certain protestants.
The other Currie property involved in this litigation (Currie West) is situated west of Highway 49 and north of Highway 11.
Upon motion of some of the parties all of these cases, except No. 46125, were consolidated for hearing before this Court before briefs were filed. All six cases were consolidated for oral argument. Separate judgments will be prepared by the clerk in each case.
 NO. 45984 (Currie West)
Currie petitioned the City of Hattiesburg for the rezoning of Currie West from residential to commercial. Protests were filed by numerous people. The Mayor and Board of Commissioners of the City (hereinafter City Council) denied the petition for rezoning, and Currie appealed to the Circuit Court of Forrest County, Mississippi, where the order of the City Council was affirmed. Currie appealed to this Court. The City of Hattiesburg confessed error in its brief, and in the oral argument it was announced in open court that the protestants had no objection to the rezoning of Currie West to Bennett Street on the west. There being no opposition to the rezoning of this property to the extent stated, and the City of Hattiesburg having confessed error to such extent, the order of the City Council is vacated and annulled and the matter of rezoning Currie West to Bennett Street is remanded to the City Council for the adoption of a rezoning ordinance with such provisions as the municipal authorities deem appropriate.
NOS. 45981; 45982; 45983; and 45985
All of the above numbered cases on appeal to this Court involve the land designated as Currie North. It is necessary to discuss briefly these four appeals for a proper understanding of their disposition and the disposition of No. 46125. The City of Hattiesburg, one of the appellees in these cases, confessed error insofar as that part of Currie North between Eddy Street and Arcadia Street is concerned.
 NO. 45982
This case involves the first petition for rezoning filed by Currie. The petition was filed on February 16, 1967, and requested the City to rezone from residential to commercial the Currie North property from McInnis Street on the south to Frisco Street on the north. The matter was referred to the City Planning Commission which recommended rezoning from residential to commercial the Currie North property as far north as Arcadia Street. Extensive hearings were held and on May 17, 1967, the City Council made its finding. An ordinance was duly enacted rezoning that part of the Currie North property to Eddy Street but denying the rezoning to commercial of the property lying north of Eddy Street. Of the Currie North property, consisting of fifty-five acres, the part zoned commercial after this order contained eighteen acres.
Currie appealed to the Circuit Court of Forrest County, and the order of the City Council was affirmed by that court on May 21, 1969, from which order an appeal was prosecuted by Currie to this Court. The issues in this cause are moot in view of the fact that in a later action *Page 50 
of the City Council that part of Currie North lying north of Eddy Street and south of Arcadia Street, consisting of about sixteen additional acres, was rezoned from residential to commercial, and for the reasons to be stated upon consideration of the appeal in No. 46125, we are of the opinion that the action of the City Council involved in No. 46125 should be reinstated. The appeal in this case is therefore dismissed.
 NO. 45983
This case involved the petition by Currie to rezone that part of Currie North lying between Eddy Street and Arcadia Street and was filed two days before the action of the City Council on the petition involved in No. 45982. The City Council dismissed the petition. Currie appealed to the Circuit Court of Forrest County, Mississippi, and that court affirmed the action of the City Council by an order entered on May 21, 1969. Currie then appealed to this Court. The issues in this case have become moot in view of our decision hereinafter in Case No. 46125. This appeal is therefore dismissed.
 NO. 45981
This petition by Currie was filed on September 27, 1967. Currie sought to have included in the proposed comprehensive zoning ordinance then pending before the City Council a provision zoning as commercial the Currie North property between Eddy Street and Arcadia Street. No special finding was rendered by the city in reference to the Currie petition which was dismissed on the motion of the protestants. Currie appealed to the Circuit Court of Forrest County, Mississippi, and that court affirmed the action of the City Council by an order entered on May 21, 1969. Currie then appealed to this Court. This case should be dismissed because the decision of this Court in No. 46125 renders moot the issues involved. This appeal is therefore dismissed.
 NO. 45985
This is an appeal by Currie from the action of the City Council in adopting Ordinance No. 1614 which is a new comprehensive zoning law for the City of Hattiesburg. Currie challenged the constitutionality of this zoning ordinance because of its adoption without the requested change in the zoning of Currie North between Eddy Street and Arcadia Street. Currie appealed to the Circuit Court of Forrest County and on October 21, 1969, that court affirmed the City Council's action. Because of our decision in No. 46125, this issue is moot, and this appeal is dismissed.
 NO. 46125
This case originated as a petition filed by Currie on December 12, 1968, for rezoning of that part of Currie North lying between Eddy Street and Arcadia Street from residential to commercial. The evidence in the former cases was introduced in evidence, and additional testimony, oral and documentary, was introduced on behalf of the parties. Upon the conclusion of this hearing on July 2, 1969, the City Council made a finding of fact and adopted an ordinance rezoning the Currie North property lying between Eddy Street and Arcadia Street from residential to C-2 general commercial. The protestants appealed to the Circuit Court of Forrest County, and on June 10, 1970, that court reversed, set aside and cancelled the order of the City Council. Currie perfected an appeal to this Court.
No controversy exists between any of the parties as to any of the property in Currie North, except that lying between Eddy Street and Arcadia Street.
The broad question for our decision is whether the ordinance of the City Council rezoning that part of Currie North between Eddy Street and Arcadia Street was validly adopted. This question has the following points of inquiry: (1) was the rezoning order arbitrary, capricious, discriminatory or unsupported by substantial *Page 51 
evidence and (2) did the evidence show that the character of the neighborhood had changed to such an extent as to justify reclassification. This rezoning question is a legislative matter for the governing authorities of the City of Hattiesburg, and within the limited scope of judicial review, we find no grounds for judicial interference with the order of the City Council.
The City Council had before it the various exhibits and a large mass of evidence transcribed as the hearings on the previous petitions of Currie. Additional evidence was offered on this petition, most of which involved the changes that had taken place on and near the subject property since the last zoning order. The evidence on behalf of Currie tended to show, among other things, the following:
Currie North consists of fifty-five contiguous acres of land lying northeast of the intersection of Highways 49 and 11. At the time this petition was filed, eighteen acres lying south of Eddy Street were zoned commercial. The part sought in this petition to be rezoned commercial was bound on the south by property zoned commercial, on the east by property zoned commercial, on the west by Highway 49, and on the north by approximately twenty acres of vacant property owned by Currie.
This twenty acre tract of undeveloped woodland located north of Arcadia Street is from 420 feet to 630 feet wide and lies between Arcadia Street and the residential area to the north where the protestants live. The eighteen acre commercial area is insufficient in size to be used for development of an all-weather, regional shopping center which requires a minimum of thirty or thirty-five acres. The rezoning of the three blocks of property between Eddy Street and Arcadia Street would provide sufficient area for such regional shopping center. The other commercial areas in the City of Hattiesburg are not as suitable as Currie North for the development of a regional shopping center. There is a public need for the development of a regional shopping center in the city which would promote the economic progress and tax structure of the municipality. The development of a regional shopping center on Currie North would not depress property values of the residential areas to the north. Additional evidence of the changes Currie claims to have intervened since the previous hearing are stated hereinafter.
The evidence on behalf of the protestants tended to prove, among other things, the following:
Because of the traffic congestion, noise, and safety problems, the value of the residential property in the neighborhood would be reduced by a total of $600,000. There was no public need or necessity for the rezoning of the Currie North property. The rezoning would entail the expenditure of large amounts of public funds to construct access streets, frontage roads, and ramps in order to handle traffic that would result from such rezoning. The best use of the Currie North land would be for residences. There was already sufficient commercial acreage in the City of Hattiesburg to provide the needs of commercial development. The development of a regional shopping center, as proposed by Currie, would create safety problems, and the accident rate in the vicinity of Currie North was already high and would be increased if the property was rezoned commercial.
In applying the law to the mass of evidence for and against the rezoning of the Currie North property between Eddy and Arcadia Streets, it is appropriate to restate the scope of judicial review in zoning matters.
The order of the city governing board is a legislative function and is presumed to be valid. Ridgewood Land Co. v. Moore,222 So.2d 378 (Miss. 1969). Whatever may be the personal opinion of the judges of an appeal court on zoning, the court cannot substitute its own judgment *Page 52 
as to the wisdom or soundness of the municipality's action. Moore v. Madison County Bd. of Supervisors, 227 So.2d 862 (Miss. 1969). The scope of a reviewing court is limited. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable, and such order may not be set aside by a reviewing court unless it is clearly shown to be arbitrary, capricious, discriminatory or is illegal or without substantial evidential basis. Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964).
Applying these established standards to the evidence in this case, we find no basis to justify a decision that the order of the City Council rezoning the property between Eddy Street and Arcadia Street from residential to commercial was arbitrary, capricious, discriminatory, illegal or without a substantial evidential basis. The case for all parties was fully and ably developed. The City Council could have decided the question either way. The question was clearly one for the City Council. There was ample evidence to support the rezoning order.
The remaining question is whether the evidence showed that the character of the neighborhood had changed since the previous order to such extent as to justify rezoning. What has been said as to the scope of judicial review applies with equal force to this question. Whether there has been a change of circumstances to such an extent as to justify rezoning will not be disturbed on judicial review if the question is fairly debatable. Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968). The time elapsing between the adoption of the new comprehensive zoning ordinance and the rezoning ordinance now under consideration was a year and six months. Currie relies upon the following changes during this time: The streets and alleys in Currie North had been closed; a national bank had established a branch in the immediate vicinity of the land involved in the rezoning order; a large discount house had enlarged and relocated in the immediate vicinity; a large store with approximately 80,000 square feet of floor space had been built immediately across the street from the subject property; service drives had been granted by the Mississippi State Highway Department affording access to the Currie North and other commercial property in the vicinity of the rezoned property; a national chain store had constructed on that part of Currie North between McInnis and Eddy Streets a new store containing 78,000 square feet of floor space which could become a part of an all-weather, regional shopping mall if the additional property between Eddy and Arcadia Streets is zoned commercial.
Any one of these changes alone would probably be insufficient to justify a change in zoning the property in question, but when all are considered together, we are of the opinion that the findings of such change by the municipal authorities were justified. The City Council found as a fact that there had been a change in conditions. The City Council found that the Currie North property south of Arcadia Street was insufficient in size for the construction of a mall-type regional shopping center. Among the other specific findings of fact in favor of Currie, it found that the buffer zone ranging from 420 to 630.5 feet, between Arcadia Street and the residential neighborhood to the north, would adequately protect the residential neighborhood of protestants.
A proper regard for the authority of this Court and the scope of judicial review in a zoning case requires the reinstatement of the order of the City Council.
Other questions are raised by the parties, principally procedural in nature, none of which require discussion. *Page 53 
The order of the circuit court is reversed and the rezoning ordinance of the City Council is reinstated.
No. 46125 reversed and rendered.
No. 45984 reversed and remanded.
Nos. 45982; 45983; 45981; and 45985 dismissed.
JONES, PATTERSON, SMITH and ROBERTSON, JJ., concur.