271 So.2d 742 (1973)
Herbert H. COLEMAN
v.
SOUTHWOOD REALTY COMPANY et al.
No. 46932.
Supreme Court of Mississippi.
January 8, 1973.
*743 Carter, Mitchell & Robinson, Jackson, for appellant.
Watkins, Pyle, Ludlam, Winter & Stennis, Randall B. Wall, Jackson, for appellees.
GILLESPIE, Chief Justice:
Herbert H. Coleman petitioned the Hinds County Board of Supervisors (Board) for the rezoning of a 7.5 acre tract owned by him from "residential" to "commercial." On March 10, 1970, approximately three weeks after Coleman's petition had been filed, but before a hearing had been held, the Board enacted a comprehensive amendment to the original zoning ordinance of 1958. Under this amendment, Coleman's property retained its residential classification. On November 16, 1970, a hearing on the petition was held before the Board. Underwood Development Company, J.W. Underwood individually, and Southwood Realty Company appeared as protestants. After hearing the evidence, the Board determined that the property should be rezoned "commercial" and issued its order to that effect. Southwood Realty Company took an appeal to the Circuit Court of Hinds County which reversed the order of the Board. From the judgment of the circuit court, Coleman appealed to this Court.
In order to justify a rezoning order, Coleman was required either to show that there was a mistake in the original ordinance or that the area has changed sufficiently since the last comprehensive amendment to the zoning ordinance to warrant the reclassification. City of Jackson v. Sheppard Inv. Co., 185 So.2d 675 (Miss. 1966); Currie v. Ryan, 243 So.2d 48 (Miss. 1971).
The circuit court found that a sufficient time had not elapsed since the amendment of March 10, 1970, for the Board to further amend the ordinance, and that Coleman failed to show the necessary changes in the area. By Section 13 of the March 10 ordinance the Board reserved unto itself the right to amend the ordinance upon a proper showing of changes; there is no requirement that a certain period of time must have elapsed.
The question is whether there was evidence of material changes in the area since the March 10 amendment. Protestant Underwood introduced a plat of the area taken from page 140 of Plat Book 1, First District of Hinds County. The plat showed that a tract immediately to the west of Coleman's property had been rezoned to "apartment use" on November 2, 1970. About 1,100 feet north of Coleman's property two other tracts had been rezoned "commercial" on May 4, 1970. Another tract immediately to the east of these "commercial" tracts had been rezoned for "apartment use" on August 3, 1970.
The scope of judicial review in zoning matters is limited and the order of the governing body may not be set aside if the question whether material changes have occurred since the prior zoning order is fairly debatable. Currie v. Ryan, supra; Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964). We are of the opinion it is debatable whether the Board had sufficient evidence of changes since the March 10 amendment.
It is apparent that the only reason for the protest against the rezoning of *744 the Coleman property is to limit or restrict competition. There is no protest by owners of residential property and in fact there is no residential property close to the Coleman tract. While it is true that the owners of property zoned for apartment and commercial use have a right to protest and rely upon the rules governing the rezoning of property, it is also significant that the purpose of the zoning of property is not to restrict competition. Fowler v. City of Hattiesburg, 196 So.2d 358 (Miss. 1967). We are of the opinion that the circuit court's order should be reversed and the order of the Board rezoning the property for commercial uses should be reinstated for the following reasons:
1. The area involved in this case is a developing area;
2. No residential property is involved and there are no protests by residents;
3. Some of the protestants in this case have had property rezoned for apartment use and for commercial use since the comprehensive amendment to the zoning ordinance on March 10, 1970;
4. The limited scope of judicial review in zoning matters; and
5. The fact that the Coleman property is not suitable for other than commercial purposes.
We have carefully considered the cases relied upon by the appellees, including Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966). The Lewis case is not in point on the facts.
Reversed and order of the Board of Supervisors reinstated.
RODGERS, P.J., and INZER, ROBERTSON and BROOM, JJ., concur.