553 So.2d 508 (1989)
Carlton BARNES
v.
BOARD OF SUPERVISORS, DeSOTO COUNTY, Mississippi.
No. 07-58712.
Supreme Court of Mississippi.
November 15, 1989.
*509 Ronald L. Taylor, Taylor Jones Alexander & Seale, Southaven, for appellant.
William H. Austin, Jr., Austin Myers & Monteith, Hernando, Gary P. Snyder, Bridgforth Woods Buntin & Snyder, Olive Branch, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Carlton Barnes, a resident and property owner of Pleasant Hills Subdivision, DeSoto County, Mississippi, has appealed from a judgment of the Circuit Court of DeSoto County, affirming an order of the Board of Supervisors, DeSoto County, Mississippi, granting a conditional use permit to Memphis Stone & Gravel (Memphis Stone) to mine gravel from certain lands adjacent to the Pleasant Hills Subdivision. Barnes assigns three errors in the proceedings below.

FACTS
The real parties in this suit are Carlton Barnes, the appellant, and D.B. Bridgforth, owner of certain property, which contains deposits of gravel, and Memphis Stone & Gravel Company, the applicant for a conditional use permit under Article V, Paragraph 2 b(11) of the DeSoto County Zoning Ordinance, to relocate a gravel wash plant and open a new gravel mining operation on a tract of land adjoining their present mining operation.
In recent years, DeSoto County has experienced a "tremendous" growth in population and development due to people who work in nearby Memphis moving into DeSoto County, Mississippi, and commuting from their homes to their work. On January 5, 1983, DeSoto County adopted a comprehensive plan to coordinate and facilitate physical development of the county. This plan was developed by Barta & Goforth, Inc., a planning consulting firm from Memphis, together with the county government of DeSoto County. Numerous public hearings and public input went into the development of the comprehensive plan and, on June 5, 1986, practically the entire northern half of the county, which contains the mining operation of Memphis Stone, was changed from agricultural to agricultural/residential zoning.
On September 16, 1986, Memphis Stone applied to the DeSoto County Board of Adjustment for a conditional use permit seeking (1) to extend the time for mining a 33-acre tract, (2) permission to relocate a wash plant to the 33-acre tract of land, and (3) permission to mine an approximately 80-acre tract which is adjacent to the 33-acre tract and borders Pleasant Hills Subdivision.
Article X of the DeSoto County Zoning Ordinance, with reference to conditional uses, provides in part:
1. Applications for conditional use for uses authorized by this ordinance shall be made to the Board of Adjustment. A public hearing shall be held, after giving at least 15 days notice of the hearing in an official paper specifying the time and place for said hearing. The Board of Adjustment will investigate all aspects of the application giving particular regard to whether such building use will:
a. Substantially increase traffic hazards or congestion.
b. Substantially increase fire hazards.
c. Adversely affect the character of the neighborhood.
d. Adversely affect the general welfare of the county.
e. Overtax public utilities or community facilities.
f. Be in conflict with the Comprehensive Plan.
If the findings by the Board of Adjustment relative to the above subjects are that the county would benefit from the proposed use and the surrounding area *510 would not be adversely affected, then such permits shall be granted.
Development in Pleasant Hills Subdivision began in 1970. The subdivision contains approximately 170 3-acre lots, and the average price of the home and lot is approximately $125,000. At the time the subdivision began its development, Memphis Stone had a small operation and was mining gravel in the area of Pleasant Hills Subdivision. The operation grew with the economy, and the number of trucks hauling gravel from the operation increased dramatically. Residents of Pleasant Hills have complained that drivers are discourteous, gravel falls from the trucks resulting in broken windshields and headlights, and traffic hazards and traffic congestion have increased on Pleasant Hill Road.
The Board of Adjustment approved the application of Memphis Stone for a conditional use permit subject to a list of restrictions. Appellant Carlton Barnes and Vernon McBride appealed from the Board of Adjustment order to the DeSoto County Board of Supervisors. Memphis Stone cross-appealed on the setback restriction of 600 feet, prescribed by the Board of Adjustment. On December 3, 4, and 5, 1986, the DeSoto County Board of Supervisors conducted a de novo hearing on the application for conditional use permit, received exhibits and voluminous testimony from witnesses, and approved and affirmed the decision of the Board of Adjustment and voted 4-1 to grant the permit.[1] The Board of Supervisors order permits Memphis Stone to mine gravel within 300 feet of the nearest residence as requested in the cross-appeal rather than the 600 foot setback recommended by the Board of Adjustment. Carlton Barnes filed a bill of exceptions and appealed from the order of the Board of Supervisors to the Circuit Court of DeSoto County, which affirmed the order of the Board.

LAW

THE LOWER COURT ERRED IN REFUSING TO HOLD THAT THE FINDINGS OF THE BOARD OF SUPERVISORS WAS AGAINST THE OVERWHELMING WEIGHT OF THE CREDIBLE EVIDENCE AND ARBITRARY AND CAPRICIOUS.
The appellees cite Currie v. Ryan, 243 So.2d 48 (Miss. 1970) and Ridgewood Land Co. v. Simmons, 243 Miss. 236, 137 So.2d 532 (1962), as stating the standard of review in a case such as sub judice. In Currie, the applicant petitioned the Mayor and Board of Commissioners of Hattiesburg to rezone property from residential to commercial. In affirming the decision of the City, this Court said:
[The decision not to rezone] is a legislative function and is presumed to be valid. Ridgewood Land Co. v. Moore, 222 So.2d 378 (Miss. 1969). Whatever may be the personal opinion of the judges of an appeal court on zoning, the court cannot substitute its own judgment as to the wisdom or soundness of the municipality's action. Moore v. Madison County Bd. of Supervisors, 227 So.2d 862 (Miss. 1969). The scope of a reviewing court is limited. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable, and such order may not be set aside by a reviewing court unless it is clearly shown to be arbitrary, capricious, discriminatory or is illegal or without substantial evidential basis. Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964).
Currie, 243 So.2d 48, 51-52.
However, those cases are distinguished from the case at bar, since here we are not confronted with the rezoning question, but with a conditional use permit. Conditional use permits are adjudicative in nature while zoning ordinances are legislative acts. Currie, 243 So.2d at 51-52; Arnel Development Co. v. City of Costa Mesa, 28 Cal.3d 511, 169 Cal. Rptr. 904, 620 P.2d 565, 568 (1980); Humble Oil & Refining Co. v. Board of Aldermen of Town of Chapel Hill, 284 N.C. 458, 202 S.E.2d 129, *511 137 (1974); Bauer v. City of Wheat Ridge, 182 Colo. 324, 513 P.2d 203 (1973). In the case sub judice, the burden is upon the applicants to prove by a preponderance of the evidence that they have met the elements/factors essential to obtaining the conditional use permit. If the Board's decision is founded upon substantial evidence, then it is binding upon an appellate court, i.e., the Circuit Court and this Court. This is the same standard of review which applies in appeals from decisions of other administrative agencies and boards.
We have previously referred to the six items contained in Article X of the DeSoto County Zoning Ordinance which are necessary for consideration in the granting of a conditional use permit. As applied to this case, they are:
1. Does the conditional use of the sand and gravel operations substantially increase traffic hazards or congestion?
2. Does the conditional use of the sand and gravel operations substantially increase fire hazards?
3. Does the conditional use of the sand and gravel operations substantially adversely affect the character of the neighborhood?
4. Does the conditional use of the sand and gravel operations substantially adversely affect the general welfare of the County?
5. Does the conditional use of the sand and gravel operation overtax the public utilities or community facilities?
6. Does the conditional use of the sand and gravel operation conflict with the Comprehensive Plan?
Without setting out in detail the evidence in this case, which consumed three days of hearing and forty-four (44) exhibits, and, in which hearing, expert witnesses and lay witnesses testified, we simply say that we have carefully reviewed the bill of exceptions, the evidence, and the order of the Board of Supervisors modifying and imposing fifteen (15) restrictive safeguard conditions for approval of the conditional use permit. [See Appendix I] Reference is particularly made here to the fifteen (15) conditions appearing in Appendix I.[2] The DeSoto County Board of Supervisors did not make specific findings of fact on each of the six questions heretofore stated, which boards should do in granting or denying conditional use permits. Porter County Bd. of Zoning Appeals v. Bolde, 530 N.E.2d 1212, 1215 (Ind. App. 1988); Thorpe v. Zoning Bd. of Review of Town of North Kingstown, 492 A.2d 1236, 1237 (R.I. 1985); Hames v. Kusmiersky, 166 Ga. App. 730, 305 S.E.2d 377, 380 (1983); Borough of Youngsville v. Zoning Hearing Bd. of Borough of Youngsville, 69 Pa. Cmwlth. 282, 450 A.2d 1086, 1089 (1982); Driscoll v. Gheewalla, 441 A.2d 1023 (Me. 1982); Hocker v. Fisher, 590 S.W.2d 342, 345 (Ky. Ct. App. 1979); Citizens Against Lewis and Clark (Mowery) Landfill v. Pottawattamie County Board of Adjustment, 277 N.W.2d 921, 925 (Iowa 1979); Andrew v. King County, 21 Wash. App. 566, 586 P.2d 509, 514 (1978); Salah v. Board of Appeals of Canton, 2 Mass. App. 488, 314 N.E.2d 881 (1974); Humble Oil & Refining Co. v. Board of Aldermen of Town of Chapel Hill, 284 N.C. 458, 202 S.E.2d 129 (1974); Thomas v. Busch, 7 Mich. App. 245, 151 N.W.2d 391, 396 (1967).
However, after reviewing the evidence, we are of the opinion that granting the conditional use permit and imposing conditions upon the granting of that permit, is tantamount to a finding of fact by the DeSoto County Board of Supervisors that the six questions were answered and found in favor of the applicants.
After reviewing the record before the DeSoto County Board of Supervisors and action taken by that Board, the lower court entered an order affirming the order of the DeSoto County Board of Supervisors, stating in part:
The applicants had the burden of proof at the hearing before the DeSoto County Board of Supervisors.
The Circuit Court of DeSoto County serves in the capacity of an appellant *512 [sic] court only and judicial review of action taken by the DeSoto County Board of Supervisors are restricted and narrow in scope in that the actions of the Board are a legislative function and presumed to be valid. Ridgewood Land Co. v. Moore, 222 So.2d 378 (Miss. 1969).
The Board of Supervisors conducted hearings on December 3rd, 4th and 5th, 1986, with all parties having full opportunity to develop and present their respective positions. The appellant and the applicants each were well represented by competent and skilled DeSoto County attorneys. The Board was presented a long list of witnesses, both expert and lay, many pictures, maps, plats, and received evidence from both sides for three days. After a full hearing, the Board granted the conditional use permit with fifteen restrictive safeguard conditions. The Board had the opportunity to review the evidence, determine the credibility of the witnesses and their testimony, and to finally make a decision in favor of the applicants.
The Bill of Exceptions charges the Board's action was illegal and beyond the legal authority of the Board and further that the favorable decision of the Board for the applicants was arbitrary, capricious and discriminatory to the property owners and residents of Pleasant Hill area.
A fair application of appellate procedure, state statute and Mississippi case law require this Court to disagree with the appellant. The action of the DeSoto County Board of Supervisors was clearly legal and proper and well within the legislative function of the Board of Supervisors. A full and complete hearing was awarded each side, with full and complete due process rights afforded according to constitutional standards and therefore the action of the Board was not arbitrary, capricious, unreasonable or illegal.
We are of the opinion that the lower court was correct in affirming the order of the said Board and we affirm the judgment of the lower court on assigned Error I.

II.

THE LOWER COURT ERRED IN FAILING TO FIND THAT THE BOARD OF SUPERVISORS COMMITTED FATAL PROCEDURAL ERRORS WHICH WOULD HAVE NECESSITATED A FINDING FOR THE APPELLANT.

III.

THE LOWER COURT ERRED IN FAILING TO ALLOW THE APPELLANTS TO AMEND THE BILL OF EXCEPTIONS.
We have carefully reviewed the record in considering assigned Errors II and III, and we are of the opinion that there is no merit in them and that a discussion of those assigned errors would not benefit the Bench and Bar. Therefore, those assigned errors are rejected.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., DAN M. LEE, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
ROBERTSON, J., not participating.

APPENDIX I
During the course of the testimony a total of forty-four (44) exhibits have been presented to the Board of Supervisors. Following the presentation of testimony there was a general discussion by the members of the Board of Supervisors concerning the testimony which had been heard and the decision of the Board of Adjustment. After discussion Supervisor Floyd S. Robertson moved to uphold the decision of the Board of Adjustment allowing the mining of sand and gravel on the proposed property but modifying the terms of conditions of approval to the following:
1. Maintain a setback for extracting sand and gravel from the south property line so as to be at least 300 feet from the property line.

*513 2. Mining within 1600' of the South property line will be conducted in accordance with the phasing plan submitted by Memphis Stone and Gravel. Mining within that area will be completed within 5 years from commencement of mining and reclamation will be completed within 7 years from commencement of mining.
3. Limit hours of mining to 7:30 A.M. until one hour before dark, Monday through Friday, for the area within 1600 feet of the Subdivision.
4. All haul trucks must have identification visible from the rear of the trucks.
5. All haul trucks must have certificate of insurance on file with Memphis Stone and Gravel.
6. Memphis Stone and Gravel will establish a convenient method to receive complaints. Copies of all complaint forms received and methods of resolving the complaints will be forwarded to the Board of Adjustment and the Board of Supervisors.
7. Memphis Stone and Gravel Co. will sweep Pleasant Hill Road from Latham Road to Goodman Road twice each day (mid-day and after hauling is completed) that gravel is hauled.
8. No burning of trees or rubbish will be allowed.
9. Memphis Stone and Gravel Company will construct a four foot hog wire fence with three strands of barbed wire at the top along the south property line for approximately 1600 feet from a ditch which is located west of the area to be mined to the edge of the field east of the area to be mined to prevent children from straying into the area.
10. The owners of the property will have the property posted to trespassers and will authorize the DeSoto County Sheriff's Department to arrest anyone caught trespassing and for discharging fire arms on the property line without written permission of the owners or lessees of the property.
11. A sound berm will be constructed in accordance with plans approved by the county engineer.
12. All unpaved haul roads and the pit area will be sprinkled as necessary to deter dust.
13. All regular conditions itemized in the zoning ordinance will apply. In addition, the Board of Supervisors must approve the required bond amounts after recommendation from the County Engineer.
14. Drainage plan approved by the County Engineer.
15. Approved for a period of ten (10) years from date of commencement of mining, with said ten (10) year period to commence no later than October 1, 1987.
Supervisor B.G. Allen seconded the motion and Supervisors B.G. Allen, Floyd S. Robertson, Wilbur L. Bates, and Eulo Loyd voted in favor of the motion. Supervisor John Grisham, Sr. voted against the approval of the motion.
ORDERED AND DONE, this the 5th day of December, 1986.
 /s/ Eulo Loyd
 Eulo Loyd, President
 DeSoto County Board of Supervisors
NOTES
[1] Board member Grisham, in whose district the mining operation is located, along with Pleasant Hills, voted against the application.
[2] Failure of Memphis Stone to perform the restrictive conditions, or creation of a nuisance by Memphis Stone, may provide grounds for further action by those persons affected.