## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-01074-SCT

*SUNLAND PUBLISHING COMPANY, INC. d/b/a*
*THE NORTHSIDE SUN*

*v.*

*THE CITY OF JACKSON; KANE DITTO, MAYOR;*
*DENT ANGLIN, LOUIS ARMSTRONG, KENNETH I.*
*STOKES, CREDELL CALHOUN, E.C. FOSTER,*
*MARCIA WEAVER AND MARGARET CARROLL*
*BARRETT AS MEMBERS OF THE JACKSON CITY*
*COUNCIL*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/95 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM FRAISER |
| ATTORNEY FOR APPELLEES: | SARAH O'REILLY-EVANS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 4/16/98 |
| MOTION FOR REHEARING FILED: | 11/26/97 |
| MANDATE ISSUED: | 4/23/98 |

EN BANC.

SMITH, JUSTICE, FOR THE COURT:

¶1. Motion for rehearing denied. The original opinions are withdrawn and these opinions are substituted therefor.

¶2. Sunland Publishing Company, engaged in business as the *Northside Sun*, (hereinafter "Sun"), appeals from an adverse ruling of the Hinds County Circuit Court, which affirmed the finding of the Jackson City Council, (hereinafter "Council"). The Council awarded a contract for the publishing of the City of Jackson's legal advertisements to the *Jackson Advocate,* (hereinafter "Advocate"), even though the bid submitted by the *Sun* was significantly lower than that submitted by the *Advocate*.

¶3. The *Sun* appealed, and the circuit judge reversed and remanded the case to the Council for additional findings of fact. The Council made no additional findings of fact, but rather, deleted its prior finding that the *Sun* was qualified according to the appropriate statute as a newspaper with general circulation. The Council also removed the issue from its agenda. The *Sun* again appealed to the circuit court. The circuit judge held that a sufficient basis now appeared in the record for the

Council to find as it did and ruled in favor of the City of Jackson. We find that the failure of the Council to follow the court's order by making no additional findings of fact sufficient to establish that the *Sun* was not a newspaper of general circulation was arbitrary and capricious. Having so determined, we now reverse and remand.

## STATEMENT OF FACTS

¶4. On October 25, 1994, the City of Jackson notified the *Northside Sun*, the *Jackson Advocate*, and the *Clarion-Ledger* that it was accepting bids for the publication of the City's proceedings, ordinances, resolutions, and other notices to be published according to Miss. Code Ann. § 21-39-3 (1972), which requires that such contracts be awarded to the lowest bidder. Each paper submitted bids to the City with supporting affidavits to evidence their qualifications and compliance with the requirements set forth in Miss.Code Ann. § 13-3-31 (Supp. 1996). Based upon the evaluation of the cost for a single one-hundred-word advertisement published three times and a single proof of publication, the *Sun* bid $8 total for three publications, the *Advocate* bid $15, and the *Clarion-Ledger* bid $19. The Jackson City Council, at its November 22, 1994 meeting, reviewed all the bids as required by statute. After extensive discussion, the Council amended the order and awarded the contract to the *Jackson Advocate* as the lowest bidder meeting all requirements and qualifications.

¶5. The reasoning adhered to by some members of the Council was that: (1) The *Sun* bid was so low that it was apparently attempting to put the *Advocate* out of business; (2) The *Sun*, unlike the *Advocate* and the *Clarion-Ledger*, did not take the relevant but statutorily unnecessary step of breaking down its subscription base by zip code, as it had done when bidding in prior years; (3) One Council member was not convinced that the *Sun* was a paper of "general circulation" as required by statute; and (4) Three of the deciding Council members had never seen the *Sun* in their neighborhoods.

¶6. The order submitted by the Council stated that all three bidders were qualified, but awarded the publication contract to the *Advocate*. The *Sun* appealed the Council's order awarding the contract to the *Advocate*, and the circuit court found that the Council had awarded the bid based upon an improper order. The circuit judge stated that because the law requires that the contract be awarded to the lowest qualified bidder and the Council's order awarding the contract states that the *Sun* is indeed qualified, then the order awarding the contract to the *Advocate* was arbitrary. Nevertheless, the circuit judge went on to find that the transcript from the Council meeting indicates that the Council did not determine the *Sun* to be qualified as stated in the order. The judge noted a discussion of whether the *Sun*'s circulation met the criteria of general circulation within the city or was directed primarily to Northeast Jackson and South Madison County. The judge then noted that the amendment naming the *Advocate* as the contract recipient was made to the order only after this discussion. Further, the judge observed that the Council continued to discuss whether the *Sun* met general circulation requirements even after the amendment to the order had been approved by the Council. The lower court stated:

> This appears to have the cart before the horse. The Council discussed and considered matters which would have supported the finding that the *Northside Sun* did not meet the requirements of general circulation. The record does reflect that a majority of the Council did not consider the *Northside Sun* to be qualified, but no vote was taken.

The lower court held that it could not arbitrarily determine that the Council found as a fact that the *Sun* did not meet the statutory requirements of general circulation. Therefore, the lower court remanded the matter to the Council with instructions for further findings to be included in an appropriate order.

¶7. On remand, the Council merely amended the order to include a finding that because the *Sun* did not satisfy the statutory general circulation requirements and had not provided adequate zip code documentation, the *Sun* was not qualified to receive the contract. No hearing was conducted and no additional evidence or testimony which could constitute further findings occurred. The Council also deleted language in the original order which suggested that the *Sun* submitted sufficient documentation to evidence its qualifications and compliance with the statute. An additional order providing for specific findings of fact regarding the qualifications of bidders for the city's annual legal publications contract was removed from the Council's agenda. Thus, the additional findings of fact required by the remand were not made.

¶8. Again brought before the lower court on appeal, the court found that the Council had adequately determined that the *Sun* did not meet the statutory circulation requirements. The court noted that the failure to provide zip code documentation would alone have been insufficient to justify awarding the contract to the *Advocate*. However, the judge observed that a sufficient basis existed in the minutes of the prior hearings for the Council to reject the *Sun* as unqualified under the Code provisions. The lower court then affirmed the finding of the City Council. Aggrieved, Sunland appeals citing the following issue:

> **WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN UPHOLDING THE AWARD OF THE CITY'S LEGAL PUBLISHING CONTRACT TO ONE OTHER THAN THE LOWEST QUALIFIED BIDDER.**

## STANDARD OF REVIEW

¶9. The scope of a reviewing court is limited in examining the actions of a municipal board. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable. Such an order may not be set aside by a reviewing court unless it is clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without substantial evidentiary basis. *City of Jackson v. Capitol Reporter Pub. Co.*, 373 So. 2d 802, 807 (Miss. 1979); *Sanderson v. City of Hattiesburg,* 249 Miss. 656, 163 So. 2d 739 (1964).

## DISCUSSION OF LAW

> **WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN UPHOLDING THE AWARD OF THE CITY'S LEGAL PUBLISHING CONTRACT TO ONE OTHER THAN THE LOWEST QUALIFIED BIDDER.**

¶10. The City may justifiably deny the legal publishing contract to the *Sun* only after demonstrating that the *Sun* does not meet the general circulation requirements of Miss. Code Ann. § 13-3-31 (Supp. 1996). According to that statute, "general circulation" means numerically substantial, geographically widespread, demographically diversified circulation to bona fide paying subscribers.

¶11. The *Sun*, like the *Advocate* and the *Clarion-Ledger*, submitted an affidavit documenting its compliance with the requirements of Miss.Code Ann. § 13-3-31. However, unlike the other two papers, the *Sun* did not submit a breakdown of its subscription base by zip code. While such a breakdown might have been helpful to the Council in determining geographic and demographic diversity, it is not required under § 13-3-31 to demonstrate that the *Sun* is a paper of general circulation. Furthermore, the lower court specifically held that the failure to produce the zip code information is not, *per se*, enough to disqualify the *Sun*. However, the lower court held that sufficient justification existed in the minutes to hold that the Council was not arbitrary in its decision to disqualify the *Sun* and to award the contract to the *Advocate* as the next lowest bidder. That justification, obviously, consists of the on-the-record discussion by council members at the previous hearing as to whether the *Sun* is a paper of general circulation or is a paper whose subscription base is found primarily in Northeast Jackson. The Council attempts to justify its determination that the *Sun* is not a paper of general circulation due to the fact that three of the Council members had never seen the *Sun* in their neighborhoods. The other reasons given by the Council: that the *Sun* was attempting to run the *Advocate* out of business; that the Sun failed to supply zip code documentation; and that the *Sun* is not a paper of general circulation are, respectively, either unsupported, insufficient, or beg the original question.

¶12. Therefore, the issue before this Court is whether the Council was arbitrary and capricious in its decision to award the contract to the *Advocate* based upon the fact that three of the Council members had not personally seen the *Sun* in their neighborhoods. Such an argument could not be the basis of a decision on the part of the Council because Miss.Code Ann. § 13-3-32 (Supp.1996) gives to papers which published the City's legal notices prior to July 1, 1976, a presumption of qualification under § 13-3-31 until a determination is made by a competent authority that the paper is not qualified under § 13-3-31. Clearly, the City Council is a competent authority to make such a determination since the Council is the entity which issues the contract. Thus, only the validity of that decision must be determined in this case.

¶13. A survey of case law from other states demonstrates that the Council's determination that the *Sun* is not qualified as a paper of general circulation because three Council members had not seen the *Sun* in their neighborhoods is, at best, insufficient. In **Thayer v. King County**, 731 P.2d 1167, 1170 (Wash. 1987), appellants complained that the county's legal newspaper was not widely circulated. The court held, however, that a newspaper does not have to find its way equally into all parts of a county for the newspaper to be one of general circulation. Furthermore, in **Moore v. State**, 553 P.2d 21 (Alaska 1976), the court held that a newspaper which contains a variety of news of general interest to the community is one of general circulation. The court found that the newspaper in question had only 130 subscribers in a village of 3500, but ruled that because the paper published a varied news format of general interest to the public, the newspaper was one of general circulation. In **Great Southern Media v. McDowell City**, 284 S.E. 2d 457, 467 (N.C. 1981), that Court decided that even though a newspaper is directed towards one locality or group in the relevant area, as long as the paper publishes news, human interest, advice columns etc., which are of interest to the general public, its distribution is not entirely limited to the one geographic area, it is available to anyone who wishes to subscribe, and there exists paid subscribers for the paper, it is one of general circulation. *See also, **People v. 110 Dearborn Street Bldg.,**24 N.E. 2d 373, 375 (Ill. 1939); **Ruth v. Ruth**, 79 N.E. 523 (Ind. 1906).

¶14. In the case *sub judice*, the circuit court originally remanded the case for two reasons: (1) The wording of the order specifically stated that the all three papers were qualified to publish the notices, but awarded the contract to the *Advocate*, which was the second lowest bidder; and (2) The circuit court was concerned that there were not more facts on the record to justify a finding that the *Sun* was not qualified. As a result, the court remanded the case back to the Council for further specific findings and an appropriate order announcing such findings. The Council corrected its order, but removed the item of specific findings from its agenda. The additional findings of fact required in the remand were never made.

¶15. This case is squarely within the purview of **City of Jackson v. Capitol Reporter Pub. Co.** 373 So. 2d 802 (Miss. 1979). There, this Court reversed the case when the lower court ruled that the City Council had arbitrarily and capriciously found that the *Capitol Reporter*, a newspaper with its primary readership in Northeast Jackson, was not qualified to publish the City's legal notices due to concerns regarding whether the paper was one of general circulation. This Court held that "whatever may be the personal opinion of the judges of an appeal court . . ., the court cannot substitute its own judgment as to the wisdom or soundness of the municipality's action." **Id.** at 807, (*citing* **Currie v. Ryan**, 243 So. 2d 48 (Miss. 1971); **Moore v. Madison County Board of Supervisors**, 227 So. 2d 862 (Miss. 1969)). This Court concluded that the issue was fairly debatable and was one to be decided by the City Council.

¶16. The case *sub judice* differs, however, in that the circuit judge ordered additional, specific findings of fact as well as a proper announcement of those factual findings in an order. Nevertheless, the judge affirmed the Council's amended order without the council having conducted any further hearings or making additional finding of facts. Rather, three council members stated that they had personally never seen a copy of the *Sun* in their respective neighborhood. Not finding a newspaper in one's neighborhood has been held insufficient to prove that a newspaper was not one of general circulation. **Mateer v. Swissvale**, 8 A. 2d 167, 169-170 (Pa. 1939).

¶17. Adhering to the principles espoused in **Mateer**, this Court holds that a finding that three members of the Council had not personally seen the *Sun* in their neighborhoods, and thus was not qualified to receive the publishing contract, is insufficient. We therefore hold that the Council was not within its' discretion to award the contract to the *Advocate*.

¶18. We further hold that although a newspaper may be directed towards one particular area, locality or group within a relevant area, as long as that newspaper publishes news, human interest, advice columns, sports, arts, etc., which are of interest to the general public, its distribution is not entirely limited to one geographic area, is available to anyone who wishes to subscribe, and there exists paid subscribers, the newspaper is one of general circulation. **Great Southern Media**, 284 S.E. 2d 467. Adopting the holdings of **Thayer, Moore** and **Great Southern Media**, we also find that the evidence presented during the discussion of the council members was insufficient to establish that the *Sun* is not a newspaper of general circulation. Based on the affidavits presented by the council, and adhering to well-established precedent, as cited above, it is difficult to determine that the *Sun* is not as qualified as the *Advocate*. In determining whether each is a newspaper of general circulation, neither of these papers approach the vast, broad circulation of the *Clarion Ledger*'s within the City of Jackson. All things being equal, the simple solution appears to be one of economics. Nevertheless, that matter must be left to the wisdom or soundness of the municipality. **Capitol Reporter Pub. Co.**

373 So. 2d at 807.

¶19. We therefore hold that the circuit court abused its discretion in finding that sufficient facts existed in the minutes and the order of the City Council to justify a disqualification of the *Northside Sun* from consideration for a contract to publish the City's legal matters. However, because the contract is awarded on an annual basis with two succeeding bids having been let for 1996 and 1997, there is no valid reason for a remand for another hearing on the 1995 contract.

## CONCLUSION

¶20. The circuit court affirmed an order of the City Council which was not in compliance with the earlier order of the court which remanded the case back to the Council for additional findings of fact. The failure of the Council to follow the initial order was thus arbitrary and capricious. This contract is awarded on an annual basis. The bids received here were for the 1995 publication contract. The City admits that the 1995 bid was awarded and fulfilled. Two subsequent bids for succeeding years have also been awarded. There is no valid reason to require a remand for an additional hearing. Having so determined, we now reverse and render.

¶21. REVERSED AND RENDERED.

PRATHER, C.J., PITTMAN, P.J., ROBERTS AND MILLS, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, J. SULLIVAN, P.J., AND WALLER, J., NOT PARTICIPATING.


### BANKS, JUSTICE, DISSENTING:

¶22. Because I believe that *City of Jackson v. Capital Reporter Pub. Co., Inc.*, 373 So. 2d 802 (Miss. 1979) was rightly decided and because the facts of the instant case are almost identical to that case, I respectfully dissent.

¶23. If ever there was a case of deja vu, it is this one. In *City of Jackson v. Capital Reporter*, this Court reversed the same trial court judge for finding that the then City Council's order (which disqualified *The Reporter* due to deficient circulation evidenced by zip code data) was capricious, arbitrary, and illegal, and without substantial evidentiary basis. This Court cautioned that a municipality's actions should go undisturbed so long as the issue is "fairly debatable" and not capricious, arbitrary, discriminatory, or illegal, and so long as there is a substantial basis for the action. *Id.* at 807 (*citing Sanderson v. City of Hattiesburg*, 249 Miss. 656, 163 So. 2d 739 (1964)).

¶24. Now, we reverse the judge for doing exactly as this Court previously instructed him to do, defer to the "wisdom . . . of the municipality's action" on questions that are "fairly debatable" and where there exists substantial basis for the action. *City of Jackson v. Capital Reporter*, 373 So. 2d at 807.

¶25. In the present case, the City Council intimated in its meeting that *The Sun* did not meet the qualifications for a paper of general circulation, due in large part to its failure to provide documentation of its circulation and distribution via zip code information. However, in its order following that meeting, the Council inadvertently stated that *The Sun*, like *The Jackson Advocate* and

*The Clarion Ledger*, did meet the qualifications, and that *The Sun* had submitted the lowest bid for the contract. Nevertheless, the City Council awarded the contract to *The Jackson Advocate*, the next lowest bid.

¶26. Following *The Sun's* appeal, the lower court saw the discrepancy between the City Council's order which stated that *The Sun* was qualified and the Council's discussion on the record that *The Sun* was not qualified. As such, the lower court ordered the Council to make the necessary findings and an appropriate order of its findings.

¶27. Pursuant to the court's order, the City Council held a hearing on the matter and amended its order, finding that, even though *The Sun* submitted the lowest bid, *The Sun* was not in compliance with the general circulation statutory requirements and did not provide adequate zip code documentation. Thus, the City Council awarded the contract to *The Jackson Advocate*. *The Sun* again appealed. The lower court found this time that the Council had a substantial basis for finding *The Sun* unqualified and that the Council did not rely solely upon the lack of zip code documentation.

¶28. In ***City of Jackson v. Capital Reporter***, this Court cautioned that when an issue is fairly debatable and the municipality's action is based on a substantial evidentiary basis, then the action should not be disturbed. What has changed since this decision is beyond me. In the instant case, the lower court ordered the Council to make findings consistent with its discussion on *The Sun's* qualifications and to correct its order to reflect those findings. This is exactly what the City Council did.

¶29. Nevertheless, the majority now does exactly what this Court cautioned against in ***City of Jackson v. Capital Reporter***, that is, substitute its judgment for that of the City Council. The majority takes issue with the Council's reliance on the fact that *The Sun* did not provide the zip code documentation as a basis for finding that *The Sun* was not a qualified newspaper. This is the same information, however, relied upon by the City Council in ***City of Jackson v. Capital Reporter*** to find that *The Reporter* was not qualified.

¶30. While the statute does not require zip code documentation, a point the majority emphasizes, the statute does require that the paper be one that is demographically diverse. It follows then that the zip code documentation provides the Council members with the information they need to determine if a paper meets the statutory requirement of being demographically diverse. *The Sun* failed to provide this relevant information. As such, the Council was not arbitrary or capricious in finding that *The Sun* did not comply with the statutory requirements as it did not have the information before it to determine whether *The Sun* was demographically diverse. As the lower court found in the instant case, and as this Court held in ***City of Jackson v. Capital Reporter***, there was a substantial evidentiary basis for the Council's decision and that decision was not arbitrary, capricious, discriminatory, or illegal.

¶31. For these reasons, I would affirm the lower court's disposition of this matter.

**McRAE, J., JOINS THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶32. Given the applicable standard of review in this case, I cannot join the majority in finding that the circuit judge here acted arbitrarily, capriciously, or illegally. Further, there was sufficient evidence in this case to support the Jackson City Council's determination that the *Northside Sun* is not a general circulation publication pursuant to Miss. Code Ann. § 13-3-31, which notes that "'general circulation' means numerically substantial, geographically widespread, demographically diversified circulation to bona fide paying customers."

¶33. In the initial hearing, the Council voiced concerns that the *Sun*'s distribution did not satisfy general circulation requirements, based on the paper's focus in Northeast Jackson and South Madison County. Since the Council had already discussed this issue, there was no need for additional finding of fact on remand. The failure to provide useful documentation coupled with limited readership showed that the *Sun* did not meet the statutory requirements for general circulation.

¶34. The circuit court below did exactly what this Court requested in ***City of Jackson v. Capital Reporter Pub. Co.***, 373 So. 2d 802 (Miss. 1979). Because the facts and inferences in this case support the decisions below, neither the circuit court's nor the Council's actions were arbitrary and capricious. It is apparent from the record that the Council resolved the contractual matter, and on remand from the circuit court, it announced reasons for its decision. The circuit court properly found that the Council made an adequate determination. Accordingly, there is no need for this Court to substitute its own judgment for that of the Council. ***Currie v. Ryan***, 243 So. 2d 48, 51-52 (Miss. 1971). I suspect, however, that this case again will be "poised in the open light of day" before this Court, since the majority has now laid the foundation for a suit for failure to award a contract.

¶35. It is for these reasons that I dissent.

**BANKS, J., JOINS THIS OPINION.**