SMITH, Chief Justice,
Concurring in Part and Dissenting in Part.
¶ 92. I agree with the majority that the City is equitably estopped from requiring removal of the tree house and for that reason I concur in the affirmance of the circuit court’s judgment. However, I do not join the majority opinion since it decides a constitutional issue which does not have to be addressed.
¶ 93. The classification of property for zoning purposes is a legislative rather than a judicial matter and there is a presumption of validity of a governing body’s enactment or amendment of a zoning ordinance. Petition of Carpenter v. City of Petal, 699 So.2d 928, 932 (Miss.1997). The majority correctly points out that a “statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.” Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). However, this is not the case here. The terms are not so vague that men of common intelligence must guess at its meaning.
¶ 94. The majority’s decision is based on its belief that the terms are vague and a person would not know if a birdhouse, mailbox or flowerbed is included within the ordinance’s prohibition. I believe the majority is stretching the definitions of “structure” and “use” to include things not intended to be within the ordinance’s prohibitions. A common sense reading of those definitions would clearly inform the reader of what is prohibited under the ordinance. The definition of structure is “anything constructed or erected, the use of which requires a fixed location on the ground, or attached to something having a fixed location on the ground”. Any person would be able to determine that a tree house falls within this definition and would not have to guess at its meaning. The majority also points out that a decision by the Mayor and Aldermen will not be set aside unless it is found to be arbitrary and capricious. Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739, 741 (1964). I find it very unlikely that a decision to prohibit flowerbeds, mailboxes or birdhouses would be upheld under this standard. These are all items which routinely appear in a person’s front yard.
¶ 95. “An enactment is void for vagueness if its prohibitions are not clearly defined.” J & B Entertainment, Inc. v. City of Jackson, 152 F.3d 362, 367 (5th Cir.1998). To determine whether a statute is vague “we view the law from the standpoint of a person of ordinary intelligence.” Id. The zoning ordinance in question here clearly defines what is prohibited and *436 there is no guessing as to what qualifies as a structure. A tree house clearly is a structure prohibited by the ordinance, and a person of ordinary intelligence would be able to determine what is prohibited by the ordinance.
¶ 96. The application of the definitions “structure” and “use” are not unconstitutionally vague.
¶ 97. For these reasons, I respectfully dissent.
WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., JOIN THIS OPINION IN PART.
APPENDIX A
Following is a review of a hypothetical application of the Ordinance from the point of view of a citizen wishing to put in the front yard new Bermuda sod, a sprinkler system, a brick flower bed, a new mailbox, a bird house, a tree house, and install a swimming pool. This hypothetical application illustrates the Ordinance’s vagueness problem.
The City: Under section 401.5 of the Ordinance, you are in violation of the law if you have an “accessory building or use” in your front yard.
Citizen: What is the definition of an “accessory building or use?”
The City: We do not currently have a definition of “accessory building or use.” We used to, but we removed it from the Ordinance.
Citizen: Then how will I know what is an “accessory building or use?”
The City: You must look at the definition of “accessory structure or use,” which you will find in section 201.
Citizen: That doesn’t seem fair, since I would have no way to know that I must look in a different section of the Ordinance under the definition of something else. However, if I happened to look there, what definition would I find?
The City: It is “any detached structure or use which is subordinate or incidental to the main building or dominant use of the lot or premises, excluding driveways, sidewalks, and fences.”
Citizen: You say I am in violation of the law if I have in my front yard either a
(1) detached structure, or
(2) a use.
What is a “detached structure?”
The City: We do not have a definition of “detached structure,” but we have a definition of “structure,” which is “anything constructed or erected, the use of which requires a fixed location on the ground, or attached to something having a fixed location on the ground.”
Citizen: So, if it is (1) constructed or erected, and it (2) is attached to the ground, then I am in violation of the Ordinance?
The City: If we say so. But we handle these things on a case-by-case basis.
Citizen: But that definition would apply to my proposed swimming pool, my sprinkler system (it’s constructed and attached to the ground), my mailbox (it’s constructed and attached to the ground), my bricked up flower bed (it’s constructed and attached to the ground), my bird house (it’s constructed and attached to a tree, which is attached to the ground), and my tree house (same thing). How do I know where the City draws the line?
The City: You don’t. However, we will allow the swimming pool, sprinkler system, mailbox, flower bed and *437 bird house. We will not allow the statue of liberty or the tree house.
Citizen: What about the second thing that is prohibited; “use;” what is that?
The City: We do have a definition of “use.” It is, “The specific purpose for which land or a building is designed, arranged, intended, or for which it is or mag be occupied or maintained....”
Citizen: You mean you prohibit any “use” in my front yard? That is, you prohibit ANYTHING that is the “specific purpose for which the land is designed arranged, intended, or for what it is or may be occupied or maintained?” Wouldn’t that apply to putting down new sod in my front yard? It seems to me that a front yard is intended to be used for things like planting sod and flowers — things the “specific purpose for which the land is designed or intended.”
The City: That may be what it says, but that’s not the way we enforce it. We will allow you to go ahead and plant the sod and keep the flowers.