This is an appeal from an order entered by the Circuit Court of Jefferson Davis County, Mississippi, on July 27, 1992. The circuit court upheld the Board of Supervisors of Jefferson Davis County, hereinafter "Board," ruling on the Appellant's Petition for Reduction and/or Change of Assessment as permitted by Miss. Code Ann. § 11-51-75 (1972).[1]
Jerry J. Riley filed a Petition for Reduction and/or Change of Assessment with the Board. On June 3, 1991, the Board met and considered Riley's Petition and notified him of their decision by Order dated June 3, 1991, and certified on June 24, 1991. Subsequently, Riley filed a Motion for Reconsideration with the Board. The Board by Order dated August 5, 1991, and certified August 23, 1991, affirmed the Order of June 3, 1991. Riley appealed the Board's decision to the Circuit Court pursuant to Mississippi Code Annotated Section 11-51-75 (1972).
On September 3, 1991, Riley filed a Complaint for Declaratory Judgment and Injunctive Relief against Jefferson Davis County, Mississippi. He then filed a Motion to Amend the Complaint on February 3, 1992. Jefferson Davis County filed the appropriate response and Riley timely replied to the response. Thereafter, the Circuit Court entered its Order Overruling Petition for Reduction and/or Change of Assessment on July 27, 1992. Aggrieved by the lower court's Order, Riley filed Notice of Appeal to this Court. The issue on appeal is:
 WHETHER PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTION 27-35-50(4), THE OWNER OF TWO UNDEVELOPED LOTS IS ENTITLED TO AN AGRICULTURAL CLASSIFICATION FOR AD VALOREM TAX PURPOSES WHEN THE LAND IS UNDISPUTABLY DEVOTED TO PRODUCTION OF TIMBER.
The circuit court's Order Overruling Petition for Reduction and/or Change of Assessment was in error and the case should be reversed and remanded for action consistent with this opinion.
In his complaint Riley alleged that he was the owner of certain real property located in Prentiss, Jefferson Davis County, Mississippi. More specifically, he owned two lots described as follows: Lots 2 3, Blk 1, Quinn Gardens S/D PB 1/27, Sec. 001-C7N-19W, Deed 86-229. Riley's property is assessed on the tax rolls of Jefferson Davis County as residential property. The said lots are used only for growing pine trees. At no time has Riley constructed a residence or any form of habitable structure on the land. Subsequent to a subdivision plat being recorded on July 20, 1962, they zoned the subdivision for residential use. However, Riley asserts that pursuant to Mississippi Code Annotated §27-35-50(4) (1972) it is the use of the land and not the location which must be the determining factor in assessing the *Page 750 
land for tax purposes. The Board, on the other hand, claims that the location will control how the assessment will be ascertained. It is this dispute concerning the interpretation of Mississippi Code Annotated Section 27-35-50 (1972) and specifically subsection (4) that is today brought to this Court for a final determination.
Riley takes this appeal pursuant to Miss. Code Ann. § 11-51-75
(1972). This Court clearly stated the standard of review for such appeals in Thornton v. Wayne County Election Com.,272 So.2d 298 (Miss. 1973).
 The circuit court reviews the record made before the board, of the testimony made or proffered, to determine whether or not the acts and orders of the board are reasonable and proper or arbitrary or capricious or beyond the power of the board to make or whether they violate any constitutional right of the complaining party.
Thornton, 272 So.2d at 301-02 (citations omitted).
The crux of this case is whether Riley's property may properly be assessed as agricultural for ad valorem tax purposes pursuant to Miss. Code Ann. § 27-35-50 (1972). The relevant part of the statute reads as follows:
 (4) In arriving at the true value of all Class I and Class II property and improvements, the appraisal shall be made according to current use, regardless of location.
 In arriving at the true value of any land used for agricultural purposes, the appraisal shall be made according to its current use, regardless of location. . . . The land shall be deemed to be used for agricultural purposes when it is devoted to the commercial production of crops and other commercial products of the soil, including but not limited to the production of fruits and timber or the raising of live-stock and poultry.
Miss. Code Ann. § 27-35-50(4) (Supp. 1990) (emphasis added).
Section 27-35-50 is in accord with the Mississippi Constitution. Article 4, Section 112 states that "[t]he Legislature shall provide, by general laws, the method by which the true value of taxable property shall be ascertained; provided, however, in arriving at the true value of Class I and Class II property,[2] the appraisal shall be made according tocurrent use, regardless of location." Miss. Const. of 1890, art. IV, § 112 (1994) (emphasis added).
Riley contends that under the above-mentioned statute and the Mississippi Constitution his land should be assessed as agricultural property. He notes that the Board and the tax assessor required Riley to rezone in order to obtain reclassification. Instead of applying the proper code section, the Board and tax assessor created a new test and procedure for procuring an agricultural classification. Riley argues that contra to the controlling code section, the Board and Tax Assessor determined that rezoning would be the test for obtaining an agricultural classification for ad valorem tax purposes. This test for assessment is both arbitrary and capricious.
The Board contends that Riley did not meet all the requirements of Miss. Code Ann. § 27-35-50(4) and thus, it was within the discretion of the tax assessor as to how he would classify the land. In formulating this argument, the Board relies upon the language "devoted to commercial production" in the statute. Miss. Code Ann. § 27-35-50(4) (Supp. 1990). It is the Board's contention that Riley had no commercial motivation at all, but rather was attempting to escape the increase in residential taxes. Therefore, it is the Board's position that Riley did not meet the requirements of § 27-35-50(4) and ergo, the tax assessor had discretion to classify the property as he saw fit.
In affirming the Board's decision, the circuit court also created a new reclassification test. Riley asserts that the court erred when *Page 751 
it focused on the use, assessment and zoning of other lots located in the platted subdivision. Riley claims that the effect of the circuit court's ruling was to render the current use of Riley's land immaterial to the classification of said land for tax purposes. This is in direct conflict with the statute and the Mississippi Constitution. The lower court stated that Riley would be entitled to tax relief only when he demonstrated two things: (1) that other lots in Quinn Gardens are subject to be reclassified as agricultural, or (2) the other lots are "assessed differently."
The Board erroneously created a discretion that does not exist. The Board acted beyond its powers when it granted such discretion to the tax assessor. It is not clear whether the land is for "commercial production." Furthermore, the statutory language "according to current use, regardless of location" refers to both Class I and Class II property. Whether the land is residential or agricultural, both values are determined according to the land's current use. Neither the Board nor the circuit court should depend upon the zoning or the other lots around the land for determining the classification. The statute reads very clearly and should not be misconstrued. The land shall be appraised according to its current use.
The land has never been used for residential purposes. It was used for agricultural purposes when the city zoned it as residential. Mere zoning laws will not change the use of the property. The clear language of the statute states that land will be assessed "according to current use, regardless of location" and it is apparent that Riley's land is used for agricultural purposes regardless of its location.
Furthermore, it is Riley's contention that the actions by the Board and the court below have created an irrebuttable presumption that the use of his property could only be residential. It is this irrebuttable presumption that Riley contends violates the due process clause of both the Mississippi Constitution and the Federal Constitution. In support of this argument Riley cites a Florida Supreme Court case, Bass v.General Development Corp., 374 So.2d 479 (Fla. 1979).
In Bass, the appellant challenged the lower court's ruling that a state tax statute requiring certain lands to be reclassified as nonagricultural if the owner had recorded a subdivision plat subsequent to the enactment of the law was unconstitutional. Bass, 374 So.2d at 479-80. The appellee inBass filed a subdivision plat for a portion of its land subsequent to the enactment of the aforementioned statute. Id.
at 480. Thus, the appellant tax assessor denied an agricultural tax classification for the property at issue. For four years the tax assessor denied the land an agricultural tax classification.Id. During this time additional subdivision plats were recorded for portions of the appellee's land. However, the land was under a cattle grazing lease and was exclusively devoted to agricultural activity. Id. at 479. The appellee filed four suits challenging the denials of an agricultural tax classification and attacking the constitutionality of the statute. The trial court entered summary judgment in favor of the appellee holding that the Florida statute was unconstitutional "because it violates due process by creating an irrebuttable presumption that land for which the owner has recorded a subdivision plat is nonagricultural." Id. at 480. The Florida Supreme Court affirmed the trial court's holding that the statute was unconstitutional. Id. at 486.
Riley recognizes that his denial of agricultural status is not predicated on a statute. However, he draws a persuasive analogy between the irrebuttable presumption that the land is nonagricultural because of the recording of a subdivision plat created by the Board, the tax assessor, and the circuit court and the irrebuttable presumption in Bass. The decisions of the tax assessor, the Board, and the circuit court all placed reliance upon the fact that a subdivision plat had been recorded for the land in question and that the other plots were all residential. This effectively created the same irrebuttable presumption that the statute created in Bass. The Florida Supreme Court noted that:
 it is unreasonable and unconstitutionally impermissible to presume conclusively from the recording of a subdivision plat *Page 752 
that the platted land is not presently being used primarily for good faith commercial agricultural purposes; and . . . that although the recording of a subdivision plat may support a conclusive presumption that the intended future use of the platted land will be nonagricultural, to single out this class of taxpayers from all other[s] who are assessed on a present use criteria is so disparate as to deny them equal protection of the law.
Bass, 374 So.2d at 485-86. We hold that the Florida Supreme Court's analysis and holding are persuasive in the case subjudice.
Although the present case and the case in Bass are not exactly on point factually, the number of similarities lends to its persuasiveness. The Florida State Constitution Article VII, Section 4(a) requires that "assessment of agricultural land be based upon its character or use." Bass, 374 So.2d at 481. The Mississippi State Constitution states that "the appraisal shall be made according to current use, regardless of location."
Miss. Const. of 1890, art. IV, § 112 (1994) (emphasis added). In both cases the fact that a subdivision plat had been recorded created an irrebuttable presumption that the land was used for nonagricultural purposes. The Florida Supreme Court noted that "[t]he filing of a subdivision plat has little to do with the present use of property." Bass, 374 So.2d at 484. The irrebuttable presumption created by the decisions of the tribunals below denies Riley of equal protection of the law just as the irrebuttable presumption did in Bass. Thus, the Board's action violated Riley's constitutional rights.
The Mississippi Constitution and the relevant statute require that land be assessed according to current use for purposes of ad valorem taxes. Yet, the Board determined that reliance upon location and use of surrounding parcels of land was the test for assessment by the tax assessor. The Board created unfettered discretion and acted beyond its powers in doing so. Therefore, the Board's actions were in direct conflict with controlling law and are improper, arbitrary, capricious, beyond their powers, and a violation of Riley's constitutional rights. Thus, this case is reversed and remanded for action consistent with this opinion.
REVERSED AND REMANDED.
DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
[1] The Board of Supervisors decided to affirm a tax classification by the County Tax Assessor and held that the property was properly assessed as residential.
[2] The Mississippi Constitution Article 4, Section 112 defines Class I property as "[s]ingle-family, owner-occupied, residential real property" and Class II property as "[a]ll other real property, except for real property included in Class I or IV." Miss. Const. of 1890, art. IV, § 112 (1994). Class IV property is "[p]ublic utility property, which is property owned or used by public service corporations required by general laws to be appraised and assessed by the state or the county, excluding railroad and airline property and motor vehicles." Id.