774 So.2d 448 (2000)
MAYOR AND BOARD OF ALDERMEN, City of Clinton, Mississippi, Appellants,
v.
Johnnie Ruth HUDSON, Joel K. Hudson and Helen Ogletree, Appellees.
No. 1999-CA-00263-COA.
Court of Appeals of Mississippi.
June 13, 2000.
Rehearing Denied September 26, 2000.
Certiorari Denied December 21, 2000.
*449 Kenneth R. Dreher, Ridgeland, Attorney for Appellants.
John R. Reeves, Jackson, Attorney for Appellees.
BEFORE SOUTHWICK, P.J., MOORE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. This case comes to this Court on appeal from the Hinds County Circuit Court. The Mayor and the Board of Aldermen of Clinton, Mississippi appeal the decision of the circuit court reversing the Board's decision to designate certain properties within the Morrison Heights Subdivision as conditional church use property under a public/quasi-public facility exception. The Board, having held open hearings on the issue, granted the request of Morrison Heights Baptist Church "Morrison Heights" for a conditional use variance affecting properties adjacent to and surrounding the church. Residents, Johnnie Hudson, Joel Hudson, and Helen Ogletree "Hudson"in opposition to the variance filed *450 an appeal in the form of a bill of exceptions in the Hinds County Circuit Court. After reviewing the matter, the lower court reversed the Board's decision as "arbitrary and capricious and in direct contradiction to the overwhelming weight of the evidence." It is from this decision that the instant appeal has been perfected on the following issues of assigned error
I. WHETHER THE ADJUDICATION BY THE MAYOR AND BOARD OF ALDERMAN GRANTING THE REQUEST OF MHBC FOR A CONDITIONAL USE VARIANCE WAS MADE IN ACCORDANCE WITH THE ZONING ORDINANCE.
II. SHOULD HAVE AFFIRMED THE ACTION OF THE MAYOR AND BOARD OF ALDERMEN SINCE THERE WAS SUBSTANTIAL EVIDENCE TO SUPPORT THE DECISION.
¶ 2. Finding error, we reverse and render.

FACTS
¶ 3. On November 25, 1997, a public hearing was held before the Planning and Zoning Board of the City of Clinton, Mississippi on a proposed conditional use variance affecting property within the Morrison Heights Subdivision. Morrison Heights sought to have the church and its surrounding property designated as a public/quasi-public facility under the city's zoning ordinance. The Planning and Zoning Board, after a lengthy hearing, recommended that any decision with respect to the property be postponed pending an imminent suit in a chancery court action between the opponents, Johnnie Hudson, Joel Hudson, Helen Olgetree, and Morrison Heights. The City of Clinton was not a party and the pending action had not been filed at the time of the hearing. It is Hudson's contention that Morrison Heights has for many years engaged in "an aggressive expansion plan" to increase the size of its properties in the surrounding subdivision. Hudson further argues that under the current expansion rate of Morrison Heights, the present drainage problems that are a result of hard surfacing will only increase thus causing sufficient devaluation of their property.
¶ 4. The Mayor and Board of Aldermen having reviewed the facts presented before the Planning and Zoning Board and after hearing oral arguments from both Morrison Heights and Hudson voted five to one in favor of approving Morrison Heights's request during their regular Tuesday night meeting on December 2, 1997. The Board also had at their disposal extensive evidence and testimonials in the form of charts, letters, and petitions both for and against the request. The decision was reduced to writing. The Board found that: 1) having met all notice requirements of the zoning ordinance of the city of Clinton; 2) and having held a public hearing on the matter bearing in mind that the Planning and Zoning Board's findings and conclusions are advisory in nature; 3) that the Board has final authority with regard to zoning ordinance matters; 4) that they are fully familiar with the request and the area involved in the request; 5) that the matter does not concern rezoning but rather concerns a designation under the zoning ordinance; and 6) therefore, that the request of Morrison for a conditional use variance designating the property at issue as a public/quasi-public facility should be granted. Aggrieved by the Board's decision, Hudson filed an appeal in the form of a bill of exceptions in the Hinds County Circuit Court on December 17, 1997. On December 31, 1997, the circuit court reversed the Board's decision in a one page order. Contained in that order, and the basis for reversing the Board, is as follows: 1) that despite Morrison Heights's existing for some forty years in the Morrison Heights Subdivision, the additional property acquired by the church through the years has not been owned and used for church purposes for forty years; 2) that sufficient evidence exists to support a finding that *451 Morrison Heights continues to expand and encroach on the surrounding properties, thus having an adverse impact on the subdivision; 3) that the Board violated their own rules and ordinances; 4) that the actions of the Board amounts to spot zoning; and 4) that the Board's decision was arbitrary and capricious. No further elaboration and findings were made by the circuit court.

STANDARD OF REVIEW
¶ 5. We will briefly address our well familiar and established standard of review for appeals perfected under Miss. Code Ann. § 11-51-75 (1972). We are required to proceed under a restricted scope of judicial review and we are limited to a review of the:
[R]ecord made before the board, of the testimony made or proffered, to determine whether or not the acts and orders of the board are reasonable and proper or arbitrary or capricious or beyond the power of the board to make or whether they violate any constitutional right of the complaining party.
Mathis v. City of Greenville, 724 So.2d 1109 (¶ 6) (Miss.Ct.App.1998) (citing Riley v. Jefferson Davis County, 669 So.2d 748, 750 (Miss.1996) (quoting Thornton v. Wayne County Election Comm'n, 272 So.2d 298, 301-02 (Miss.1973))).
¶ 6. Furthermore, the party challenging the governing body bears the burden of proof showing that the decision rendered is "arbitrary, capricious, discriminatory, or beyond the legal authority of the city board, or unsupported by substantial evidence." McWaters v. City of Biloxi, 591 So.2d 824, 827 (Miss.1991) (quoting Ridgewood Land Co. v. Moore, 222 So.2d 378, 379 (Miss.1969)); see also Faircloth v. Lyles, 592 So.2d 941, 943 (Miss. 1991); Barnes v. Board of Sup'rs, DeSoto County, 553 So.2d 508, 510 (Miss.1989). Under our previously stated standard of review, we are prevented from substituting our judgment in place of the board's wisdom and soundness used in reaching their decision. Faircloth, 592 So.2d at 943; Currie v. Ryan, 243 So.2d 48, 52 (Miss. 1970). In reviewing their decision, we treat the Board as untethered and free when using "their own common knowledge and familiarity" in the disputed matter, in addition to the testimony and debate provided at the hearing. Faircloth, 592 So.2d at 943. However, the Board's decision must have been made in light of a "fairly debatable" issue. We are without authority to supplant the municipality's legislative action if the decision was made in this light. McWaters, 591 So.2d at 827.
¶ 7. Having said this, we are likewise mindful that, "`fairly debatable' is the antithesis of arbitrary and capricious. If a decision is one which could be considered `fairly debatable,' then it could not be considered arbitrary or capricious...." City of Biloxi v. Hilbert, 597 So.2d 1276, 1281 (Miss.1992) (quoting Saunders v. City of Jackson, 511 So.2d 902, 906 (Miss.1987)). We now turn to the issues.

ANALYSIS

I.
WHETHER THE ADJUDICATION BY THE MAYOR AND BOARD OF ALDERMAN GRANTING THE REQUEST OF MHBC FOR A CONDITIONAL USE VARIANCE WAS MADE IN ACCORDANCE WITH THE ZONING ORDINANCE.

II.
WHETHER THE CIRCUIT COURT SHOULD HAVE AFFIRMED THE ACTION OF THE MAYOR AND BOARD OF ALDERMEN SINCE THERE WAS SUBSTANTIAL EVIDENCE TO SUPPORT THE DECISION.
¶ 8. We begin by noting that as with any decision reached by a governing body affecting the law in its community, decisions often turn on the weighing and *452 balancing of competing interests within that community and will in all likelihood adversely effect some of its members for the betterment of the community as a whole. In this case, the City of Clinton's governing officials were faced with deciding between granting or denying a request from Morrison Heights to expand its operations into surrounding properties under the City's duly enacted zoning ordinance which allows for conditional use variances and designations of particular properties as public/quasi-public facilities. A review of the ordinances pertaining to this issue reveals that "churches and other religious institutions" clearly fall within those types of facilities which may be designated as public/quasi public facilities under Article II. Furthermore, the ordinance states, under § 402Public/Quasi-Public Facilities and Utilities, that:
All public and quasi-public facilities and utilities, as defined under Article II of this ordinance, may be located in ANY district in the city, provided:
(a) That all applicable requirements of federal, state and county or city laws shall be met.
(b) That all such proposed uses shall be subject to the procedures stated under Section 2405 relative to Special Exceptions (Conditional Uses).
No public or quasi-public facility or utility shall be located in a residential district or other district where such land use would adversely affect the surrounding area.
¶ 9. Section 2405, specifically subsection 2405.01, of the Zoning Ordinance provides that before granting a "special exception" or "conditional use" permit, certain requirements or arrangements must first be met before the Board may vote on the proposed variance. The proponent is required, upon written application, to provide the Board with information concerning ingress and egress to the property and proposed structures, vehicular and pedestrian safety, traffic flow and control, emergency access plans, off street parking and loading areas, utilities, screening and buffering, general compatibility with adjacent and surrounding properties, and any additional information deemed applicable by the Board. Sections 2405.02 and 2405.03, respectively, require that a site plan be provided and a public hearing be held.
¶ 10. The ordinance further states that "conditional use" means:
A land use which would not generally be appropriate in a particular zoning district, but which, with certain restrictions or conditions, would in the judgment of the Mayor and Board of Aldermen promote the public health, safety, morals, or general welfare of the City and would not adversely affect adjacent properties. A permit (building permit or change of use permit) granted by the Mayor and Board of Aldermen for the initiation of a conditional use (with the necessary restrictions included) will not change the zoning of the property involved and will allow such use to continue as long as the specific use granted by the conditional use remains the same. Also referred to as a "Special Exception."
¶ 11. It is Hudson's contention, as evidenced in his brief, that in so allowing Morrison Heights to expand its current services and operations into the surrounding properties, his interests, specifically his property interests, will be adversely affected. He argues that additional expanse into the surrounding subdivision will ultimately result in the razing of structures to pave way for additional hard surface parking facilities. However, we note that the evidence on this point was sparsely presented, other than through vague references contained within letters written by opponents of the request. This, it is argued, will increase the existing drainage problems resulting from Morrison Heights's property as it now stands and further result in diminished property values. Hudson further adds that the Board's decision: 1) was arbitrary and capricious; 2) was in conflict and in violation with the requirements set forth in §§ 402 *453 and 2405.01 of the zoning ordinance; and 3) in effect, amounts to illegal spot-zoning. We have conducted a thorough review of the record, including the bill of exceptions, and the arguments advanced in both Morrison Heights's and Hudson's briefs. We are reminded that our review is limited in scope and that we may not stray from the record as was presented before the Board when their decision was reached. Mathis, 724 So.2d at 1115 (¶ 26) (citing Riley, 669 So.2d at 750). It is a presumption that the Board exercised "wisdom and soundness" in rendering a decision that was "fairly debatable." Currie v. Ryan, 243 So.2d 48, 51-52 (Miss.1970).
¶ 12. We find no merit in the counter arguments advanced by the opponents of the Board's decision to grant Morrison Heights a conditional use variance under the zoning ordinances established. All indications, as reflected within the record as it then existed before the Board, supports a finding that the matter was not "arbitrary and capricious" and furthermore was "fairly debatable." Nor do we find that the Board failed to abide by its own rules and regulations set forth in the zoning ordinance. The record and the minutes of the hearing simply do not support such a finding. The record is replete with evidence offered by both parties during the public hearings before the Planning and Zoning Board on November 25, 1997 and the Board of Aldermen on December 2, 1997. It would appear that the Board was more than apprized of the circumstances surrounding the matter that was before them as is reflected by the numerous letters from interested parties, the introduction of the several written documents, including petitions signed by residents in support of the request and drawings depicting the area, and the time devoted to hearing oral arguments. This was all introduced during the public hearing and was presented to the Board.
¶ 13. Furthermore, a review of the zoning ordinances touching on this matter, which we have previously listed, quickly dispels any argument that the Board engaged in spot-zoning. A permit for a conditional use variance does not necessarily infer or create the notion that spot-zoning has or is occurring. The permit granted by the Board in this case neither alters the previous zoning designation of R-1 nor does it allow deviation from the restrictions which accompany said designation. Conditional use permits specifically limit the use of the property at issue to those restrictive uses granted by the Board and are allowed under the zoning ordinance of the city of Clinton. The ordinance clearly states that the granting of a conditional use permit "will not change the zoning of the property involved and will allow such use to continue as long as the specific use granted by the conditional use remains the same."
¶ 14. Therefore, we hold that the decision of the Circuit Court of Hinds County reversing the Board's decision to grant Morrison Heights's request for a conditional use variance was in error and amounted to a substitution of the court's judgement for that of the Board. The evidence supports a finding by this Court that the Board's decision to grant the requested conditional use variance was neither arbitrary and capricious nor was it unsupported by substantial evidence, having been fairly debated in a public forum.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, AND MOORE, JJ., CONCUR. LEE AND PAYNE, JJ., NOT PARTICIPATING.