## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01184-SCT

*CHRISTINE PEREZ AND MILTON PEREZ*

*v.*

*GARDEN ISLE COMMUNITY ASSOCIATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/23/2001 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MICHAEL D. HAAS, JR. |
| ATTORNEY FOR APPELLEE: | HENRY J. COOK, III |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 11/06/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Christine and Milton Perez filed an application requesting a special exception to a zoning ordinance for property they owned in Hancock County. Specifically, they wanted to put a mobile home on their property in an R-1 zoned area. They bought the property in July of 1996, and it was zoned R-1 in January of 1997. A public hearing was held on November 6, 1997, on their request. The planning and zoning commission granted the request for special exception and issued a certificate of compliance authorizing the Perezes to immediately proceed with placing the mobile home on the property. Subsequently, the Perezes were notified that members of the neighboring Garden Isle Community Association (Association)

requested that the board of supervisors reconsider the exception. The property in question is not in the Garden Isle subdivision.

¶2. The board of supervisors declined to review the matter because of an error in some of the documentation regarding the description of the property. The board remanded the matter back to the planning and zoning commission and required the Perezes to file a new application. The planning and zoning commission scheduled a second public hearing on February 5, 1998, and again approved the special exception. The Association requested that the board of supervisors review the commission's approval. The board conducted a full hearing, allowing all parties the opportunity to be heard, and affirmed the decision of the planning and zoning commission.

¶3. Thereafter, the Association filed a bill of exceptions appealing the matter to the Hancock County Circuit Court. The circuit court overruled the board of supervisors and the zoning commission and reversed the special exception. Subsequently, the Perezes perfected this appeal.

## DISCUSSION

**Whether the acts and actions of the Hancock County Planning and Zoning Commission and the Hancock County Board of Supervisors were arbitrary and capricious in allowing a special exception for appellants to place a mobile home on property zoned R-1?**

¶4. Generally, mobile homes are not permitted on property zoned R-1. However, there are procedures whereby such is allowed. Section 905 of the Hancock County Zoning Ordinance governs special exceptions and states in part:

> **905.01** On application made therefor, the Planning Commission shall have the authority to hear and determine whether special exception should be made to the provisions of this Ordinance. Recommendation for a special exception shall not be made unless and until:
> **905.01-01**: The Planning Commission shall schedule a public hearing to be held within sixty (60) days of the application filing date. Public notice of the hearing shall be published in a newspaper of general circulation not less than fifteen (15) days before the hearing.

Notice of the public hearing, stating the time, place, request and property description, shall be mailed or hand delivered to all adjacent property owners.

**905.01-02**: The Planning Commission determines:

**905.01-02.01**: that a literal interpretation of the provisions of this ordinance would deprive the applicant of rights commonly enjoyed by other residents of the district in which the property is located, and that literal interpretation of this ordinance would work an unnecessary hardship upon the applicant;

**905.01-02.02**: that the requested exception will be in harmony with the purpose and the intent of this ordinance and will not be injurious to the neighborhood or the general welfare; and

**905.01-03**: that the special circumstances are not the result of actions of the applicant; and

**905.01-04**: that the existence of a non-conforming use of the neighboring land, buildings, or structures in the same district or of a permitted or non-conforming use in other districts shall not constitute a reason for the required exception.

¶5.	This Court has long held that the standard of review in zoning cases is whether the action of the board or commission was arbitrary or capricious and whether it was supported by substantial evidence. *See **Broadacres, Inc. v. City of Hattiesburg,*** 489 So.2d 501, 503 (Miss. 1986). *See also **Carpenter v. City of Petal,*** 699 So.2d 928, 932 (Miss. 1997); ***Sanderson v. City of Hattiesburg,*** 249 Miss. 656, 163 So.2d 739 (1964).  This Court has also held that the circuit court acts as an appellate court in reviewing zoning cases and not as the trier of fact. *See **Board of Aldermen v. Conerly,*** 509 So.2d 877, 885 (Miss. 1987).

Thus, zoning decisions will not be set aside unless clearly shown to be arbitrary, capricious, discriminatory, illegal or without substantial evidentiary basis. There is a presumption of validity of a governing body's enactment or amendment of a zoning ordinance and the burden of proof is on the party asserting its invalidity.  Where the point at issue is "fairly debatable," we will not disturb the zoning authority's action.

*Carpenter,* 699 So.2d at 932 (citations omitted).

¶6.	Also, the Association had the burden of proving that the board acted in an arbitrary or capricious manner.  The Perezes do not have the burden of proving that the decision was not arbitrary or capricious.

3

*See **Conerly,*** 509 So.2d. at 885. *See also **Barnes v. DeSoto County Bd. of Supervisors,*** 553 So.2d 508, 510-11 (Miss. 1989). This Court addressed a similar situation in ***Barnes****,* where a landowner appealed the board of supervisors' decision to grant a conditional use permit for a gravel plant. The circuit court upheld the decision, and this Court affirmed, holding that substantial evidence supported the board's decision:

> Whatever may be the personal opinion of the judges of an appeal court on zoning, the court cannot substitute its own judgment as to the wisdom or soundness of the municipality's action. *Moore v. Madison County Bd. of Supervisors,* 227 So.2d 862 (Miss. 1969). The scope of a reviewing court is limited. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable, and such order may not be set aside by a reviewing court unless it is clearly shown to be arbitrary, capricious, discriminatory or is illegal or without substantial evidential basis. *Sanderson v. City of Hattiesburg,* 249 Miss. 656, 163 So.2d 739 (1964).
> *Currie,* 243 So.2d 48, 51-52.
> However, those cases are distinguished from the case at bar, since here we are not confronted with the rezoning question, but with a conditional use permit. Conditional use permits are adjudicative in nature while zoning ordinances are legislative acts. (Citations omitted). In the case sub judice, the burden is upon the applicants to prove by a preponderance of the evidence that they have met the elements/factors essential to obtaining the conditional use permit. If the Board's decision is founded upon substantial evidence, then it is binding upon an appellate court, *i.e.,* the Circuit Court and this Court. This is the same standard of review which applies in appeals from decisions of other administrative agencies and boards.

***Id.*** at 510-11. This Court went on to find that the board of supervisors acted properly in ***Barnes*** despite its failure to make specific findings of fact on the six elements to be considered in the granting of a conditional use permit as outlined in the DeSoto County Zoning Ordinance.

> [W]e are of the opinion that granting the conditional use permit and imposing conditions upon the granting of that permit, is tantamount to a finding of fact by the DeSoto County Board of Supervisors that the six questions were answered and found in favor of the applicants.

***Id.*** at 511.

¶7.     The Mississippi Court of Appeals has likewise followed the long-settled standards established by this Court.

> Furthermore, the party challenging the governing body bears the burden of proof showing that the decision rendered is "arbitrary, capricious, discriminatory, or beyond the legal authority of the city board, or unsupported by substantial evidence." Under our previously stated standard of review, we are prevented from substituting our judgment in place of the board's wisdom and soundness used in reaching their decision. In reviewing their decision, we treat the Board as untethered and free when using "their own common knowledge and familiarity" in the disputed matter, in addition to the testimony and debate provided at the hearing. However, the Board's decision must have been made in light of a "fairly debatable" issue. We are without authority to supplant the municipality's legislative action if the decision was made in this light.

*Mayor & Bd. of Aldermen v. Hudson*, 774 So.2d 448, 451 (Miss. Ct. App. 2000) (citations omitted).

¶8.     In the case sub judice, the zoning board specifically addressed each of the elements set out in the ordinance. The minutes of the planning commission reflect the following findings:

> 1. Notice of the public hearing was published in the Sea Coast Echo on February 1, 1998, as per proof of publication appended hereto. And that a copy of said Notice was also mailed to all adjacent property owners.
> 2. The property in question measures 100' by 100' and is located in the SE corner of the intersection of Chapman Road and Ann Street, and lies in an R-1 Zone.
> 3. A number of comments were received from the public, both for and against the application. In addition, Mr. & Mrs. Perez presented various photographs and maps along with a letter from Mr. Tedesco, all of which were made a part of the record of the public hearing.
> 4. That comments were received at the public hearing expressing concerns related to safety, inappropriateness, disturbance of the peace and quiet of the area, insufficient commercial area, and that any action should be delayed until appeals of adjacent special exception grants are decided.
> 5. That a literal interpretation of the provisions of the Zoning Ordinance would deprive the applicant of rights commonly enjoyed by other residents of the district in which the property is located, and that literal interpretation of the Zoning Ordinance would work an unnecessary hardship upon the applicant.
> 6. That the requested special exception will be in harmony with the purpose and intent of the Zoning Ordinance and will not be injurious to the neighborhood or the general welfare.
> 7. That the special circumstances are not the result of actions of the applicant.

8. That the existence of a non-conforming use of the neighboring land, buildings or structures in the same district or of a permitted or non-conforming use in other districts does not constitute a reason for the required special exception.

¶9.     The circuit court did not address the arbitrary and capricious standard and never made a finding that the action of either the board or the commission was such. In fact, the circuit court questioned whether that standard was even applicable. The following exchange took place during the hearing when Michael D. Haas, counsel for the Perezes, asserted that neither the commission nor the board acted in an arbitrary or capricious manner:

> **The Court:** Is that the standard to be applied, though, when there's an absolute violation of the code?
> **Mr. Haas:** I'm sorry, Judge?
> **The Court:** Arbitrary and capricious is to be determined whether they act arbitrarily and capricious under the circumstances but not where there's an act that is contrary to the zoning ordinances themselves, is it?
> **Mr. Haas:** Your Honor, this is not an act that's contrary to the zoning ordinance. The zoning ordinance has been complied with. My clients' filed an application for a special exception. They were approved. They were given a permit, a certificate of compliance, and everything. They have done everything that they had to comply with our zoning ordinance. Our zoning ordinance envisions and provides for special exceptions to the ordinance under Section 203.65 and also under Section 905, special exceptions. So this is a situation where my clients are not violating anything. They didn't pull it in in the dead of night and just pull it in there and do it. They applied for the process and complied with everything. And they've been approved by everyone up until we reached the courthouse steps with Your Honor. So they're not in violation of anything that I'm aware of, Judge.

In addition, the Association does not even address the issue of whether the board's action was arbitrary or capricious other than stating "However, the granting of special exception must necessarily be arbitrary and capricious if it does not follow all four of the criteria set forth in the Hancock County Zoning Ordinance: 905.01-01 through 905.1-04 conclusive." Yet it gives no authority to support that argument.

¶10.    The ruling of the circuit court hinges totally on non-conforming uses and conserving the value of buildings in the county. The court agreed with the Garden Isle Association that the surrounding mobile

6

homes differ because they were put in place prior to the effective date of the zoning ordinance. While this argument may technically be correct, the circuit court improperly relied on only the portions of section 600.01 of the zoning ordinance that support its position. Section 600.01 on non-conforming uses states:

> It is the intent of this Ordinance to permit these non-conformities to continue until they are removed (except as otherwise herein provided), but not to encourage their survival. Such non-conformities are declared by this Ordinance to be incompatible with the permitted structures and uses of land and structures in districts involved. It is further the intent of this Ordinance that such non-conformities shall not be enlarged upon, expanded, or extended, **except as provided for herein**, nor to be used as grounds for adding other structures or uses prohibited elsewhere in the district.

(Emphasis added). The circuit court did not address the emphasized language. In fact, there are provisions in the ordinance that allow for exceptions. The Perezes properly followed the procedures outlined in these provisions. Most significantly, the planning commission specifically set out that the existence of other non-conforming uses was not a reason for the approval. Also, section 600.01 does not state that nearby non-conforming uses will be used as grounds to prevent exceptions for similar non-conforming uses.

¶11.    Additionally, approval of the special exception does not violate any intended purpose of the zoning ordinance. Section 102 of the Ordinance sets out the following purposes:

> This Ordinance has been prepared in accordance with a Comprehensive Plan and is enacted to promote the general welfare of the citizens of Hancock County. Specifically, this Ordinance is designed to:
> **102.01:** Lessen congestion in the streets.
> **102.02:** Secure safety from fire, panic and other dangers.
> **102.03:** Provide adequate light and air.
> **102.04:** Prevent overcrowding of land and mixing of land uses.
> **102.05**: Facilitate the provision of transportation, public utilities, and community facilities. The regulations contained herein have been made with reasonable consideration, among other things, to the character of the zoning district and it suitability for particular uses and with the intention of conserving the values of buildings and encouraging use of land throughout the county.

¶12.    As previously stated, the circuit court placed emphasis on the last sentence regarding conserving the values of buildings and encouraging use of land throughout the county. The court pointed out that

residential lots in areas without mobile homes are more valuable. However, the Association did not submit evidence proving that the Perezes' mobile home would negatively affect the value of any property.

¶13. Further, the circuit court found that the Perezes were responsible for their own financial predicament because they placed the mobile home on the property at their own peril and before the exhaustion of all appeals. The record indicates that the Perezes expended in excess of $53,000 in purchasing and setting up the mobile home. However, the circuit court does not address that they received a certificate of compliance or that the board approved a measure later addressing this very problem.

¶14. The investigation report done by site investigator Neil Smith for the Hancock County Planning and Zoning Commission recommended that the exception be approved. Inspector Smith concluded:

> This is an R-1 area adjacent to Garden Isles Subdivision which contains residential homes. This immediate area on Chapman is *defacto* R-2 in character notwithstanding the residential neighborhood in close proximity. It should be further noted that the residences are not in view of this area. It is therefore recommended that the application be granted and at some future date consideration be given to honing the boundary of the R-1 zone.

The Perezes also brought up the argument that the area was not properly rezoned. However, the circuit court refused to hear said argument because it was not properly before the court.

¶15. Although not raised on appeal, there is another argument that the Perezes' home is not subject to the restrictions outlined in the zoning ordinance because the restrictions apply only to mobile homes and do not reference manufactured homes. Miss. Code Ann. § 75-49-3 (a) & (b) (Rev. 2000) sets out that a manufactured home is a structure manufactured after June 14, 1976, and a mobile home is a structure manufactured before June 15, 1976. Accordingly, the home in question would properly be considered a manufactured home rather than a mobile home. Arguably, no special exception was needed.

## CONCLUSION

8

¶16. This Court finds that the circuit court erred in reversing the decisions of the board of supervisors and the zoning commission. The Association did not prove that the actions of the board or the commission were arbitrary or capricious. Additionally, the circuit court failed to apply the appropriate standard. In its judgment and opinion, that court said "However, this court's review is limited to the record presented to it and that record shows that the Perezes did not meet the criteria spelled out in the zoning ordinance to allow a special exception." The circuit court reheard the matter and sat as the trier of fact, rather than properly reviewing the action of the board as an appellate court as required by the well-settled standards set out by this Court.

¶17. The Perezes owned this property prior to the R-1 zoning. They had the choices of asking for an exception to the ordinance, building a house that would not be worth what it would be worth elsewhere, or trying to sell the land now surrounded by mobile homes but unable to have a mobile home situated on it. They chose to ask for an exception, followed all of the appropriate procedures, some more than once, and were granted an exception. Both the planning commission and the board of supervisors followed the appropriate procedures. The Perezes were given a certificate of compliance and expended a great deal of money setting up their household. A public hearing was held, and both sides had ample opportunity to present evidence and be heard. Both the planning commission and the board found that the Perezes met the elements required by the ordinance and should properly be granted an exception. There was never any evidence presented or finding that the actions of the commission or the board were arbitrary or capricious. Therefore, the judgment of the Hancock County Circuit Court is reversed, and the special exception issued by the planning and zoning commission and affirmed by the board of supervisors is hereby reinstated.

¶18. **REVERSED AND RENDERED.**

**McRAE, P.J., CONCURS. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CARLSON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND COBB, J. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J. DIAZ, J., NOT PARTICIPATING.**

### CARLSON, JUSTICE, SPECIALLY CONCURRING:

¶19. While I join the majority opinion, I write separately to distinguish the references used in the majority's opinion. The underlying issue is whether the Planning and Zoning Commission of Hancock County properly granted the special exception to the zoning ordinance in favor of the Perezes. Garden Isle Community Association appealed the decision to the Circuit Court of Hancock County, which reversed the Commission's grant of the special exception. I write separately to distinguish today's case concerning special exceptions (also sometimes referred to as conditional use permits or variances) and those cases concerning zoning or rezoning.

¶20. In either type of appeal, the circuit court sits as an appellate court and may only reverse the commission's decision if that decision is arbitrary or capricious, not supported by substantial evidence or in violation of a statutory or constitutional right. *Carpenter v. City of Petal*, 699 So.2d 928, 932 (Miss. 1997); *Barnes v. DeSoto County Bd. of Supervisors*, 553 So.2d 508, 510 (Miss. 1989). However, as this Court stated in *Barnes*, special exceptions cases and rezoning cases are distinguishable. Special exceptions cases "are adjudicative in nature while zoning ordinances are legislative acts." *Id.* at 510. In obtaining the special exception, the burden is on the applicant of the change to show by a preponderance of the evidence that the elements/factors outlined in the ordinance have been met. *Id*. at 511. Once that burden has been met at the administrative agency level, the Board's decision is binding on an appellate

court if the decision is founded upon substantial evidence. *Wilkinson County Bd. of Supervisors v. Quality Farms, Inc.*, 767 So.2d 1007, 1010 (Miss. 2000).

¶21. On the other hand, in the rezoning cases cited as authority by the majority, the burden is on the rezoning applicant to prove by clear and convincing evidence that there was a mistake in the original zoning or that the character of the neighborhood has sufficiently changed so as to justify the rezoning and that public need exists for the rezoning. *Broadacres, Inc. v. City of Hattiesburg*, 489 So.2d 501, 503 (Miss. 1986). On appeal, however, the appellate court may reverse the Board's decision only if the action is arbitrary, capricious, or not supported by substantial evidence. *Id. See also Northwest Builders, Inc. v. Moore*, 475 So.2d 153, 155-56 (Miss. 1985).

¶22. In the instant case, it is clear from the record that the circuit court applied the wrong standard of review and substituted its judgment for that of the Board. As stated by the majority, the commission's decision is supported by substantial evidence, is not arbitrary or capricious, and does not violate any statutory or constitutional right. The decision was "fairly debatable" in that it was decided by a 3-2 vote. *See Barnes,* 553 So.2d at 510. Having said all this, I agree with the majority that the judgment of the Circuit Court of Hancock County should be reversed and rendered in accordance with the majority's decision.

**PITTMAN, C.J., AND COBB, J., JOIN THIS OPINION.**

**WALLER, JUSTICE, DISSENTING:**

¶23. Since the Hancock County Circuit Court was correct in revoking the special exception, I respectfully dissent.

¶24. The majority correctly quotes the standard of review to be applied by a court when reviewing zoning issues:

11

> This court has held that "[t]he classification of property for zoning purposes is a legislative rather than a judicial matter." Thus, zoning decisions will not be set aside unless clearly shown to be arbitrary, capricious, discriminatory, *illegal* or without a substantial evidentiary basis. There is a presumption of validity of a governing body's enactment or amendment of a zoning ordinance and the burden of proof is on the party asserting its invalidity. Where the point at issue is "fairly debatable," we will not disturb the zoning authority's action.

*In re Petition of Carpenter*, 699 So. 2d 928, 932 (Miss. 1997) (emphasis added & citations omitted).

¶25. Here, the special exception granted by the planning and zoning commission and affirmed by the board of supervisors was in contravention of the Hancock County Zoning Ordinances. The property on which the Perezes placed their mobile home was zoned R-1, which prohibits the new placement of mobile homes. *See* Hancock County Zoning Ordinance § 404 to 411. In fact, Section 404.02, pertaining to permitted uses, makes specific reference to mobile homes, stating "however, a mobile home is allowed *only in existing* mobile home subdivisions." (emphasis added). This comports with the ordinances allowing non-conforming structures. Ordinance §§ 600.01, 603.

¶26. Section 600.01 addresses the allowance of non-conforming structures and states:

> It is the intent of this Ordinance to permit these non-conformities to continue until they are removed (except as otherwise herein provided), *but not to encourage their survival*. Such non-conformities are declared by this Ordinance to be incompatible with the permitted structures and uses of land and structures in districts involved. It is further the intent of this Ordinance that such non-conformities shall not be enlarged upon, expanded, or extended, except as provided for herein, nor to be used as grounds for adding other structures or uses prohibited elsewhere in the district.

(emphasis added). This Ordinance is incompatible with the entry in the minutes of the planning and zoning commission which stated "[t]hat the requested special exception will be in harmony with the purpose and intent of the Zoning Ordinance and will not be injurious to the neighborhood or the general welfare." While

12

the commission's minutes ostensibly tracked the ordinance on special exceptions, Section 905, its conclusion to allow the special exception was not in accord with the Hancock County Zoning Ordinances since a mobile home, a non-conforming structure, is not allowed on property zoned R-1. The Hancock County Circuit Court should be affirmed.

**SMITH, P.J., JOINS THIS OPINION.**