RUSSELL, J., for the Court:
¶ 1. Bruen Craig appeals the order of the Yazoo County Circuit Court affirming the decision of the mayor and Board of Aldermen (“Board”) of the City of Yazoo County, Mississippi, denying his request for a variance of the City’s ten-foot setback zoning requirement and ordering him to remove a storage building located on the subject property. Craig claims the circuit court’s order affirming the Board’s decision was unreasonable, arbitrary, and not supported by substantial evidence. Craig further contends the City should be equitably estopped from enforcing the zoning ordinance due to his detrimental reliance on the representation of the City’s Code Enforcement Officer. Finding no error in the proceedings below, we affirm the order of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶2. At some point prior to June 27, 2009, Craig contacted Code Enforcement Officer Danny Neely about placing a portable storage building on his property located at 1613 Grand Avenue in Yazoo City, Mississippi. Neely advised Craig that he could place a portable storage building on the property. On or about June 27, 2009, Craig purchased a 10' x 18' portable building to be delivered at a later date. After noticing that Craig had begun digging on the property, Neely informed Craig that he would need to obtain a plumbing permit. On July 28, 2009, Craig paid Neely the required $10 permit fee, and Neely granted the plumbing permit. Thereafter, Craig poured a slab on the site where the building was to be placed.
¶ 3.0n August 27, 2009, the portable building was delivered, and the tie ends were completed. By November 2009, the interior of the building was completed, and sidewalks and a parking lot were constructed. Shortly after completion of the building, the Board began receiving complaints from adjacent property owners who opposed the placement of the storage building. A regular meeting of the Board *174 was held on April 12, 2010. Craig, as well as the neighbors in opposition of his building, were present during the meeting. At the meeting, Alderman Jack Varner instructed Craig to provide a survey at the next meeting to show that the building was in compliance with the City’s zoning ordinance.[1]
¶ 4. The next Board meeting was held on April 26, 2010. Craig did not appear. The Board requested that its attorney pursue legal action against Craig for non-compliance with the City’s ordinance. Craig subsequently filed an application requesting a variance from the ten-foot setback zoning requirement, along with a request for a special exception to operate a beauty salon on the property. Craig withdrew his request for a special exception on May 24, 2010, during a hearing before the Board. After hearing from all parties involved in the matter, the Board denied Craig’s request for a variance from the ten-foot setback requirement and ordered him to remove the building within thirty days. The Board waived removal of the adjacent parking lot and sidewalks.
¶ 5. On June 2, 2010, Craig filed his notice of appeal and a proposed Bill of Exceptions. The City’s mayor filed a Corrected Bill of Exceptions on July 6, 2010. Craig later filed a request for the City to delay or abandon the cause on the ground that other citizens in the residential area were allegedly in violation of the zoning ordinance. On August 9, 2010, Craig filed a Motion to Correct and Amend Bill of Exceptions to include a list of the residents who were allegedly in violation of the City’s ordinance. Oral arguments on the matter were presented before the circuit court on November 22, 2010. The circuit court denied Craig’s motion because the information Craig sought to include was not a part of the record before the City. On September 14, 2010, the circuit court entered an order affirming the Board’s denial of Craig’s request for a variance of the ten-foot setback. The court found that the Board’s decision was not arbitrary, capricious, illegal, discriminatory, or without a substantial evidentiary basis. The court further held that equitable estoppel was not warranted. From this order, Craig now appeals.
STANDARD OF REVIEW
¶ 6. With regard to decisions made by the governing body of a municipality, our scope of review is limited. Perez v. Garden Isle Cmty. Ass’n, 882 So.2d 217, 219 (¶ 7) (Miss.2004). “[Zjoning decisions will not be set aside unless clearly shown to be arbitrary, capricious, discriminatory, illegal or without substantial evidentiary basis.” Id. at (¶ 6) (quoting Petition of Carpenter v. City of Petal, 699 So.2d 928, 932 (¶ 13) (Miss.1997)). In reviewing zoning cases, “the circuit court acts as an appellate court ... and not as the trier of fact.” Heroman v. McDonald, 885 So.2d 67, 70 (¶ 5) (Miss.2004) (citing Perez, 882 So.2d at 219 (¶ 6)). Where the point at issue is fairly debatable, the zoning authority’s decision will not be disturbed on appeal. Id.
DISCUSSION
¶7. Craig claims that the circuit court erred in affirming the Board’s denial of his request for a variance from the ten-foot setback requirement because the decision was arbitrary, capricious, and not based on substantial evidence. We disagree. A review of the record indicates that Craig’s building was not in compliance with the City’s ten-foot setback zoning requirement, as evidenced by his request for *175 a variance. The record also shows that the location of the building generated complaints from neighbors because of Craig’s intent to use the building for commercial purposes despite it being located in a single-family residential neighborhood.[2] Included in the record is a petition to the mayor and Board of Aldermen signed by seventeen residents requesting that Craig’s variance not be granted for this reason. Craig was given the opportunity to provide the Board with justification for granting the variance, and the Board properly took his request into consideration. After the matter was discussed among the Board, the mayor, and the City’s building inspector, the Board unanimously determined that granting Craig’s request would be detrimental to the public welfare and contrary to public interest. The Board also noted that it would investigate the allegations that other buildings in the area were not within the setback requirement, and that it would take necessary action to assure that all residents were in compliance with the ordinance.
¶ 8. Craig also contends that the City should be prohibited from enforcing its zoning ordinance against him based on the doctrine of equitable estoppel. Under the doctrine of equitable estoppel,
a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed.
Mayor & Bd. of Aldermen, City of Clinton v. Welch, 888 So.2d 416, 424 (¶ 43) (Miss.2004) (quoting Koval v. Koval, 576 So.2d 134, 137 (Miss.1991)).
¶ 9. Craig claims that the City sanctioned the building when Neely gave Craig permission to place the building on the property and granted Craig a plumbing permit. According to Craig, the City should not be allowed to enforce the ordinance against him due to his reliance on Neely’s representation. Our supreme court has held that “[cjities are not immune from the doctrine of equitable estop-pel.” Id. However, we find that the doctrine is not warranted in the present case. Craig believes that Neely’s permission to place a portable building on the property and his subsequent grant of a plumbing permit somehow amounted to Neely giving Craig the authorization to place a building in violation of the City’s zoning ordinance. Unfortunately, Craig is mistaken in this regard. While Neely properly informed Craig that he could place a portable storage building on his property, there is no evidence that there was a discussion regarding the actual placement of the storage building. A review of the record shows that Neely was not aware of the zoning violation prior to the Board meeting on April 26, 2010, when Craig failed to provide a survey showing that the building was in compliance with the ordinance as requested. Neely issued Craig a plumbing permit long before the building was placed on the property, the concrete slab was poured, or the parking lot and sidewalks were installed. Nothing in the record indicates that Neely knew that the building was not within the required setback prior to or after its completion or that he represented to Craig that such a violation was permissible.
¶ 10. “When applying the doctrine of equitable estoppel, ‘the test is whether it would be substantially unfair to allow a *176 person to deny what he has previously induced another to believe and take action thereon.’ ” Welch, 888 So.2d at 427 (¶ 51) (quoting Koval, 576 So.2d at 138)). Craig claims that in reliance on Neely’s statement and issuance of the permit, he incurred substantial expenses from purchasing the building, pouring the slab, and constructing the adjacent parking lot and sidewalks. The record shows that the Board waived removal of the sidewalks and parking lot; therefore, Craig’s assertion of equitable estoppel based on expenses incurred from these items is moot. With regard to any expenses incurred from the placement of the building, as we previously stated, Craig has not shown how Neely’s issuance of a plumbing permit amounts to the City’s endorsement of Craig’s placement of a building in violation of its zoning ordinance. The City’s grant of a plumbing permit does not give a permit-holder the authority to act in complete disregard of the City’s codes and regulations. Applying the doctrine of equitable estoppel to the facts of the present case, we cannot say that it would be substantially unfair to allow the City to enforce its zoning ordinance against Craig.
¶ 11. After a thorough review of the record, we find that the Board carefully considered arguments from all parties involved in the matter and made an informed decision based on the evidence placed before it. The placement of Craig’s building was not in compliance with the City’s zoning ordinance. The Board determined that based on numerous complaints of the commercial building being stationed in a residential area, granting a variance for the building was not justified. Therefore, we cannot say that the Board’s decision was arbitrary or capricious, or that it lacked evidentiary support. Accordingly, this issue is without merit.
CONCLUSION
¶ 12. The decision of the Board was not arbitrary, capricious, or without a substantial evidentiary basis. Furthermore, we find that the doctrine of equitable estoppel is not warranted. For these reasons, we affirm the order of the circuit court affirming the Board’s decision to deny Craig’s request for a variance.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. The relevant portion of the City's zoning ordinance provides: "The side building setback line shall be a minimum of ten (10) feet from the side of the property line.”

. The record shows that Craig’s intended use for the building was to operate a nail/beauty salon.